No. 13,353.

STATE OF LOUISIANA VS. RUBIN CATELY ET ALS.

SYLLABUS.

1. Where several persons are jointly indicted for an offense which might have been committed by several, the question of severance, is a matter within the discretion of the trial judge, which will not be interfered with by this court.

APPEAL from the Nineteenth Judicial District, Parish of Iberia. *Voorhies, J.*

*Milton J. Cunningham*, Attorney General, and *James Simon*, District Attorney, for Plaintiff, Appellee.

State vs. Cately et als.

*T. D. Foster, David Todd, L. T. Dulaney* and *A. J. Cammack* for Defendants, Appellants.

The opinion of the court was delivered by

MONROE, J.   Ruben Cately, Hyppolite Brown, Charles Brown, and John Green, were jointly indicted for the murder of Martial Sorrel. The District Attorney moved to sever the trial of Cately from that of the other accused, on the ground that said Cately had made a confession which the State intended to use against him, and the severance was ordered.   Thereafter, and before the trial, Charles Brown and John Green, through the counsel appointed by the court to defend them, objected to the severance which had been granted, for the reason, as alleged, "that no legal ground for a severance was disclosed in the motion of the District Attorney; that, if any legal reasons were given, which is denied, for severance, it was for the purpose of obtaining a confession of one of the conspirators, or parties, jointly indicted with John Green and Charles Brown, which confession was made, after the consummation of the crime, and after the party making the same had been incarcerated in jail."   This objection having been overruled, a bill of exceptions was reserved.   The three defendants, Hyppolite and Charles Brown, and John Green, were tried and, having been convicted, a motion in arrest of judgment was made upon, substantially, the same ground as that stated in the bill and upon a further ground, set forth as follows:

"2nd.   Because the case against Cately and these accused retained the same number on the docket as that originally given said case; that Cately was on trial with the accused, and the permission to him, Cately, to testify against the accused was in reality a permission to a co-defendant to make a confession by which he implicated his co-defendants, in violation of law; and that the record shows part of these facts, and a bill to the allowance of Cately's testimony shows the other part of the facts, which, taken together, go to invalidate the conviction of movers, and should avail to arrest the judgment." This motion was overruled, a bill of exceptions was reserved, the defendants were then sentenced to death, and they have appealed.

In State vs. Lee *et al.*, 46th Ann., 628, this court said: "The general rule is that persons jointly indicted are not entitled to a severance of trial as a matter of right, though the trial judge may, in the exercise of his discretion, grant a severance." •

It is proper for the judge to grant a severance, in case the confession of one, jointly indicted, may implicate both; in case the prosecution intends to offer same ·on trial. Bishop Cr. Pr., Sec. 1019; Wharton Cr. Pl., Sec. 310.

In State vs. Cazeaux and Blanchard, 8th Ann., 114, it was said: "In an indictment against several, when the offense is such that 'it may have been committed by several, they are not, of right, entitled to be tried separately, but are to be tried in that manner only when .the court, on sufficient cause, may think proper. It seems that where several defendants, entirely disinterested in the transaction through which they are sought to be convicted, are jointly indicted, it would be sound exercise of discretion to grant them separate trials. We, however, can not review, in criminal cases, the acts of a judge of the first instance, resting on his discretion." State vs. Hunt, 4th Ann., 439.

In the case before us, the purpose of the severance ./as to enable the State to use the confession of one of the accused, against himself, and not to make him a witness against his co-defendants. And, although the motion in arrest mentions a bill of exceptions "to the allowance of·Cately's testimony," there is no such bill in the record; on the contrary, the record makes it manifest that Cately was not tried with his co-defendants, and fails to suggest that he testified on their trial. If the case against Cately retained the same number on the docket as the case against the appellants, the record before us .fails to disclose it, and we are unable to see in what way the appellants are injured even if it be so.

Judgment affirmed.