Statement of the Case.
NICHOLLS, J.
The defendants were tried in the district court upon an indictment charging them with murder of J. M. Leonard. Will Smith was found “guilty of manslaughter,” and Pat Smith “not guilty.”
The court sentenced Will Smith to be confined at hard labor in the Louisiana State Penitentiary for a period of seven years, and he has appealed.
The first bill of exception taken by the appellant recites that during the trial Ben Cook, a witness for the state, was placed upon the stand and on direct examination was asked what the deceased said immediately after he was shot by the defendant. Defendant, by counsel, objected to the witness stating what was said at that time.
The court ordered the jury withdrawn, and after their withdrawal, the state counsel propounded the question and the same was answered.
The question and answer were reduced to writing by the clerk and were annexed to the bill as part thereof. The objection urged was that the statements were not material and relevant, but hearsay declarations, and mere matter of opinion of the deceased. The court overruled the objection and permitted the witness to detail the same to the jury. The judge assigned as his reason for his ruling that the evidence was admissible as part of the res gestee. The question and answer were as follows:
“Q. State, Mr. Cook, did you go to Mr. Leonard as he was shot? How far. did you [go], and how quick did you get there, and what did Mr. Leonard say?
“A. I immediately walked two or three steps *415 to him [the wounded man] after he was shot. He was lying on the ground when I got to him. He said he was mobbed, and that I would have to be a witness; that-1 had seen it all, and told me to tell the truth, and to not do them any dirt; just give them justice.”
The second bill recites that during the trial, when the state witness, Ben Cook, was on cross-examination by defendants’ counsel, the latter propounded to him the question:
“Did you not at [a certain place, naming the place] and in the presence of [certain parties, naming the parties] on the night preceding the death of the deceased, state in the presence of said parties that if the deceased, John Leonard, had a knife at the time he was killed, you did not see it?”
To which question defendant (witness) replied in the negative, and stated that deceased did not have a knife. On re-examination by state’s counsel he was fully interrogated on said question. After the state had presented its testimony and rested, defendant, by counsel, proved by several witnesses that said witness had made said statement. After the defendants closed their defense, the state’s counsel recalled said witness Ben Cook to testify to the impeachment question, to which defendants’ counsel objected, for the reason that said witness was fully examined by state’s counsel in their examination of the witness after the basis for the impeachment had been made in defendants’ cross-examination of said witness; that the state was introducing said witness simply to have him reiterate his statement made in re-examination by the state, which objection was overruled — the court assigning as its reason that it allowed the state to call Mr. Cook in rebuttal of the evidence of the defendants to state whether he had said that “he did not see the knife,” or whether he said to the parties “that deceased did not have a knife.”
The third bill recites that.during the trial, when the state’s witness Ben Cook was on the stand and under cross-examination by defendant’s counsel, they propounded to him the question;
“Did you not, on the preliminary trial of this case, state that the wound made on the forehead of the deceased was made either with a pistol or brass knuckle?”
To which he replied in the negative.
On re-examination by state’s counsel he was fully interrogated on said question. After the state had presented its testimony and rested, the defendant proved by several witnesses that said witness had made said statement.
After the defendants closed their case, state’s counsel recalled the witness Ben Cook to testify to the impeachment question, to which defendants objected on the same ground that they had objected as recited in the second bill of exceptions.
The judge in his addendum to the hill declared that he allowed the state to call Cook in rebuttal of what defendants proved, to state just what he did say — whether he said that the wound was made by brass knuckles or- pistol, or whether he stated that he thought it was made by said instrument.
The fourth bill recites that while the presiding judge was delivering his charge to the jury he asked defendant’s counsel if they desired any special charge to be given, on which they requested him to charge the jury that in determining the necessity for the killing they would consider the evidence from defendant’s standpoint at the time of the killing, “which special charge was refused to be given.”
The judge assigned as his reason for this refusal that he had charged the jury that they were the sole judges of the facts, and that, in order to determine whether the defendant acted in self-defense, they were to consider all the facts and .circumstances connected with the act proven on the trial, and if the facts and circumstances were such that a reasonable person would have acted, believing that his life was in imminent and immediate danger, or in danger of great bodily hurt, that defendant had the right under the law to Are the fatal shot in his defense, *416 and that they should consider the evidence from that standpoint.
The defendant moved for a new trial, which being overruled, defendant excepted. The first ground assigned for the new trial was that the verdict of the jury was contrary to the law and the evidence. The other grounds were those which were already covered by the various bills of exception.
Opinion.
In his reasons for overruling this motion for a new trial, the district judge stated: That the verdict of the jury was in accordance with the law and the evidence. That the witness Ben Cook was allowed by the court to be called in rebuttal of the question as to what he did say in regard to the pistol or brass knuckles, as the impeaching witnesses disagreed as to what he did say. Dr. Browning stated that Cook said emphatically and positively that the wound on Leonard’s head was made with a pistol or knuckles while Moreland said that he said it must have been made with pistols or knuckles. They disagreeing as to the exact phrase used by Cook, the court allowed him to be called in rebuttal to bolster up his character and to state what he did say as to the pistols or knuckles. The court fully recognized the settled principle of law that .the state, after closing her evidence in chief, was confined in her rebutting evidence to rebutting the evidence of defendant, and could not make out its case in this rebutting evidence, unless it does so strictly in rebutting the evidence of the defense. As to the evidence of Cook as being a part of the res gestee, the court was of opinion that such was its character. The objection of the defendant was directed to the use of the word “mobbed” by the witness. If this evidence should not be properly allowed, then it could not have prejudiced the case against defendant for the reason that this same evidence went to the jury by witness Coyle stating dying declarations of deceased, Leonard, without objection.
In respect to the special charge which he refused to give to the jury the judge said that he had fully charged the jury on the law of self-defense, telling them that, from all the facts, evidence, and circumstances surrounding the parties at the time the fatal shot was fired, if a reasonable person would have acted under those facts and circumstances, at the time believing that he was in' real, imminent danger, or in danger of great bodily hurt, that it would be self-defense if he killed his adversary; and he further told them that he would not charge them specifically that they must put themselves in the shoes of the defendant, but that they had the right to consider the evidence from any standpoint they desired.
The district judge, in his reasons for refusing a new trial, declared that the verdict of the jury was in accordance with the law and the facts.
That declaration, made after the trial was over, when he was in full possession of all the details of the case and could form a correct opinion as to the injurious or harmful effect which any error in his rulings could have had upon the verdict which was returned, carries great weight with the appellate court.
It is a matter of everyday occurrence for exceptions which at the time were technically well taken to be cured or made harmless by the later conduct of the complaining parties or by subsequent events. Appeals are taken, not for the mere purpose of testing the correctness of the judge’s conclusions on different points, but of rectifying any injury which the convicted party may have received therefrom. If there be no injury, they have practically no reason for complaint.
We do not find cause for reversing the verdict of the jury in this case.
*417 Assuming that the statement made by the deceased (Leonard) to the witness Gook was inadmissible, as not forming part of the res gestee, the same matter went subsequently to the jury as a dying declaration.
The complaint on this subject urged in the brief is not so much that it was permitted to be shown that Leonard made the statement as it is that it was in point of fact not made at all.
It is said:
“We believe it to be a fabrication, and greatly prejudiced the jury against defendant.”
No foundation has been furnished the court for supposing that the statement was not made.
The objections covered by bills Nos. 2 and 3 are in respect to the time of allowing evidence to be taken. This is a matter resting very 'greatly on the discretion of the trial judge. Under the statement made by him as to the circumstances under which the testimony was allowed to be given, we find no ground for setting aside the verdict.
The special charge requested by the defendant, in the language it was made, was faulty. We think defendant’s rights protected by the charge as given.
Eor the reasons assigned, the judgment is affirmed.