(107 So. 433)

No. 27733.

**STATE v. HILL et al.**

(March 1, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ☞622(1).**

Allowance of separate trial in prosecution for conducting confidence game is not matter of right, but rests in discretion of court.

**2. Indictment and information ☞110(15)—Information charging offense of conducting confidence game in language of statute held sufficient (Act No. 43 of 1912).**

Information charging offense of conducting confidence game in language of Act No. 43 of 1912 *held* sufficient; common-law requirement that crime be charged with such particularity that accused is notified with reasonable certainty of all elements of offense with which he is charged not being applicable where statute prescribes that certain language is sufficient.

**3. Criminal law ☞687(1)—Allowing recall of state's witness after it closed its evidence, but before defendants made any announcement, held proper.**

In prosecution for conducting confidence game, court *held* not to abuse discretion in allowing state to recall witness after it had closed its evidence but before defendants made any announcement; time and order of receiving testimony being controlled to large extent by discretion of trial judge.

**4. False pretenses ☞41 — Evidence of statements made outside jurisdiction showing preparation for commission of crime of conducting confidence game held proper.**

In prosecution for conducting confidence game, evidence of preparation for commission of crime *held* admissible, though statements were made outside jurisdiction; evidence of preparation for commission of crime being always admissible for prosecution.

**5. Criminal law ☞829(1).**

Refusal of special charges *held* not error when covered by court's general charge.

O'Niell, C. J., dissenting in part.

Appeal from Third Judicial District Court, Parish of Lincoln; S. D. Pearce, Judge.

Will Hill and Henry Smith were convicted, under Act No. 43 of 1912, of conducting the confidence game, and they appeal. Affirmed.

J. Walter Elder, of Farmerville, Dhu Thompson, of Ruston, and S. L. Digby, of Farmerville, for appellants.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro (E. R. Schowalter, of New Orleans, of counsel), for the State.

BRUNOT, J. The accused were charged, arraigned, tried, convicted, and sentenced for violating the provisions of Act No. 43 of 1912, an act to define and punish the crime commonly known as the confidence game and to prescribe the manner in which the crime shall be charged in the information or indictment. From the conviction and sentence both defendants appealed.

There are seven bills of exception in the record.

Bill No. 1 was reserved on behalf of Henry Smith to the overruling of a motion for a severance.

Bills Nos. 2 and 3 are identical. Each defendant filed a motion to quash the information. Both motions were overruled, and each defendant reserved a bill to the ruling.

Bill No. 4 was reserved to the overruling of an objection to the recall of a state witness after the state had closed its evidence in chief.

Bill No. 5 was reserved to the overruling of an objection to the admissibility of testimony as to acts of the accused while outside the territorial jurisdiction of the trial court.

Bill No. 6 was reserved to the overruling of a motion for a new trial, and bill No. 7 was reserved to the refusal of the court to deliver four requested charges.

Defendants' counsel (Brief, p. 3) rely upon the motions to quash and upon bill No. 5 for a reversal. They do not actually abandon, but they decline to discuss, the other bills.

### Bill No. 1.

[1] The sole ground alleged in the motion of defendant Henry Smith for a severance and separate trial is that the Ruston Leader, a newspaper published in Lincoln parish, gave publicity to an article in which it is stated that Will Hill, the other defendant, is a nation-wide criminal who had served terms in the prisons of other states, and that charges were then pending against him therein. The court's per curiam to the bill, in part, follows:

"The court denied the motion for a severance for the reason that no sufficient ground was alleged, nor was any sufficient evidence offered to justify a severance. There was no evidence offered, except the newspaper clipping complained of, which did not justify the right of severance. There was not shown to be, and in truth there was not, any antagonism in the defenses of the two defendants."

The per curiam recites other facts which are omitted from our quotation because they were developed after the trial of the case began and, therefore, could not have been considered when the motion was heard.

The allowance of a separate trial is not a matter of right, but rests in the sound discretion of the court.

"Where several persons are jointly indicted for an offense which might have been committed by several, the question of severance is a matter within the discretion of the trial judge which will not be interfered with by this court." State v. Ducote, 8 So. 439, 43 La. Ann. 185; State v. Cately, 26 So. 1004, 52 La. Ann. 574; State v. Adam, 30 So. 101, 105 La. 737.

### Bills Nos. 2 and 3.

[2] The motions to quash allege that—

"The indictment does not charge any crime or offense known to or under the law of Louisiana."

The information charges that—

"Will Hill and Henry Smith * * * did willfully, feloniously, maliciously and unlawfully attempt to obtain from Cornelius Dunn the sum of $200 by pretending to find a roll of bills of money issued by the United States of America which they stated contained $2,200 and which roll they proposed to turn over to said Cornelius Dunn for the said $200, and of which sum they attempted to defraud the said Cornelius Dunn by means and use of the confidence game. * * *"

The pertinent parts of Act No. 43 of 1912 are found in sections 1 and 2 of the act, and are as follows:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, that every person who shall obtain or attempt to obtain from any other person, or persons any money or property, by means or by use of any false or bogus checks, or by any other means, instrument or device, commonly called the confidence game, shall be imprisoned with or without hard labor for not less than three months nor more than five years.

"Sec. 2. Be it further enacted, etc., that in every affidavit, information or indictment under the preceding section it shall be deemed and held a sufficient description of the offense to charge that the accused did, on, etc., unlawfully and feloniously obtain, or attempt to obtain, * * * from A. B. his money (or property, in case it be not money) by means and use of the confidence game."

The information charges the offense in the exact language of the statute, and that is all that the law requires.

Defendants' counsel cite the case of State v. Bradley, 80 So. 657, 144 La. 459, and seek to apply the doctrine there announced to the case at bar. Bradley was charged with obtaining money by false pretenses, the crime denounced by section 813, R. S. This was a crime in the Roman Law and by the adoption of the Statute of 30 George II, c. 24, it

was made a crime under the common law. As the statute of this state which defines and punishes the obtaining of money or goods by false pretenses does not prescribe the language in which the crime shall be charged, as does Act 43 of 1912, it was, therefore, proper, in the Bradley Case, to lean to the common-law rule of criminal pleadings, which requires that the crime be charged with such particularity that the accused is notified with reasonable certainty of all of the elements of the precise offense with which he is charged. The mere reading of section 2 of Act No. 43 of 1912 shows that the rule laid down in the Bradley Case has no application to this case.

### Bill No. 4.

[3] With reference to this bill we have nothing before us but the bill itself and the per curiam of the trial judge. The pertinent part of the per curiam is as follows:

"After examining all of its witnesses, the state announced that it closed its evidence; but a few moments afterwards, and before the defendants made any announcement, the district attorney asked that, before closing, he be allowed to recall A. J. Thigpen, sheriff, for one or two questions, and the court authorized him to do so."

The time and order of receiving testimony are controlled to a very considerable extent by the discretion of the trial judge. State v. Smith, 40 So. 171, 115 La. 801. The ruling complained of was a proper exercise of the judicial discretion of the court.

### Bill No. 5.

[4] This bill is disposed of by the per curiam of the judge. The testimony which was objected to is attached to the bill, and the trial judge has correctly summarized the facts. He says:

"The state witness testified that when he first met the defendants he was returning from Shreveport to his home in Lincoln parish on the railway train; that the defendants, or one of them, came to the witness' seat in the coach and began to talk to him (witness) about his 'confidence game,' and made certain proposals to him; that the train was then passing through Webster or Bienville parish and before the train had reached Lincoln parish. The objection was made by defendants that the portions of the conversation that took place out of Lincoln parish should be rejected and the testimony excluded, which the court overruled.

"The court overruled the objection because it believed the testimony admissible regardless of whether the conversation took place in Lincoln parish or any other parish. The whole 'confidence game' scheme was consummated and put over in Lincoln parish, except the preliminary features of it in the form of an explanation of it."

The transaction was continuous. The testimony which was objected to evidenced acts of preparation. In State v. Stockett, 39 So. 1000, 115 La. 743, this court held that evidence of preparation for the commission of a crime is always admissible for the prosecution, while evidence to explain it is always admissible for the defense.

### Bill No. 6.

It is not necessary to consider this bill, as the motion for a new trial merely reiterates the recitals of the other bills.

### Bill No. 7.

[5] This bill has reference to the special charges which appear in the Transcript, p. 12. Two of the special charges are covered by the court's general charge. Transcript, pp. 10 and 11. We think the other two charges are misleading and do not correctly state the law. The trial judge refused to deliver them to the jury, and we approve his ruling.

The judgment and sentence are affirmed.

O'NIELL, C. J., dissents from the ruling on bills 2 and 3.