OVEBTON, J.
 

 Defendants were charged by bill of information with robbing Zeh Owens of $2 and also of trade cheeks ,of the value of $20. Each defendant first moved for a severance, which was overruled. They were then tried, found guilty, and sentenced to the penitentiary.
 

 The first bills of exceptions presented are bills taken to the overruling of the motions' for a severance. Each motion alleges, as cause for the severance, that the defendants, other than the mover, have made confessions and admissions, implicating the mover, that are highly prejudicial to his defense, which will be introduced on the trial' of the ease, and that the defenses of the defendants are antagonistic, because the sole question will be whether the crime was committed by all the defendants ,or by any one of them.
 

 The trial judge says in his per curiam that the defenses were not antagonistic; that there was no attempt on the part of any one of the accused to throw responsibility upon another accused; and that the confessions were made by each accused in the presence of the other two, and each assented to the statement of the others.
 

 We find nothing in the record in conflict-
 
 *840
 
 with this statement. The question therefore is' whether under the circumstances stated defendants were entitled to a severance. It does not admit of serious question that, where two or more are jointly indicted, and their defenses are antagonistic, and the state intends to offer in evidence confessions, said ■to have been made by each, implicating the others, a severance seasonably applied for should be granted. State v. Desroche et al., 47 La. Ann. 651, 17 So. 209. Here, however, the defenses were not antagonistic, and the confessions that the state intended to offer, and did offer, were assented to by each of the defendants. , In these circumstances there was no terror in refusing the severances. State v. Birbiglia et al., on rehearing, 149 La. 4, 88 So. 533.
 

 The next bills of exception relate to the admissibility of confessions, offered by the st^te against, the defendants. The confessions were objected to on the grounds that they were not shown to be free and voluntary, and that the alleged confession of each defendant tended to place the guilt on the otfyer;,defendants.
 

 The state placed the chief of police on the stand, and made out a prima facie ease, to the effect that the confessions were volun-' tarily and freely made. The defendants then offered evidence in rebuttal, consisting largely of their own evidence, and the state then introduced evidence in surrebuttal, consisting of the evidence of the police officers, who the defendants testified had, by duress, promises, and threats of further duress, forced them to make the confessions. If the evidence of the defendants is to be credited, there is no doubt whatever that the confessions should have been excluded. In fact, the trial judge said as much at the time he made the ruling. However, he did not give credence to their evidence, and our reading of it leads us to the conclusion that he did not err. The police officers, it may be said, denied very positively that they used any duress, or made any threats or promises to obtain the confessions. Questions were propounded to the defendants to obtain them, but the questioning was not continued so long as to suggest that it so operated as to force the confessions. Each- defendant was told' what the others said, but no false statements were made to them. The contention that fraud was used to obtain the confessions, by causing defendants to believe that what they were saying was being taken down, is not supported by the record. We fail to see how whether what defendants were saying was being taken down or not could influence them to confess. As to the objection that the confession of each defendant tended to place the guilt on the others, the fact that it may have had that tendency was no reason to exclude the confessions. The proper course, in the event there was no evidence tending to show that each defendant assented to the confessions, was to have had the confession of each confined to the one making it. Plowever, in this instance, as we have said, each defendant assented to the confessions made by the others.
 

 The only suggestion of the use of any force upon any of the defendants is that the city constable of Baton Rouge, one of the arresting officers, slapped the defendant Lamotte, just before locking him in the city jail, upon arriving at the police station. This action of the constable, though to be condemned, was in no manner connected with Lamotte’s confession, or the confessions of the remaining defendants. It was something apart from the making of the confessions, and could not, we think, have influenced their making. The constable was not trying to obtain a confession. He slapped Lamotte, because, when he reached the police station with him, he saw
 
 *842
 
 Lamotte withdraw a pistol from his pocket and place it ,on the mantle. Lamotte contradicted the constable when the latter told him, in connection with a query concerning the ownership of the pistol, that he saw him place the pistol on the mantle. The constable deemed this contradiction insolent, and slapped Lamotte. He then locked Lamotte in jail, and went home.
 

 While the constable was not justified in his action, yet his conduct was so disconnected with the making of the confessions to the police officers that we think that, resting upon .obviously distinct motives, it could not have influenced them, and hence this conduct should not have the effect of vitiating the confessions. See State v. Rini et al., 151 La. 163, 170, 91 So. 664.
 

 The record contains a motion for a new trial, but no bill .of exceptions to its overruling. However, even had a bill of exceptions been signed to the refusal of the motion, the motion presents nothing, coming within our jurisdiction, for review, except what we have already considered.
 

 For the reasons assigned, the judgment ap- • pealed from is affirmed.