ROGERS, J.
 

 Dave Lee, Manuel Acosta, and Sam Ficarro were charged with robbery. Lee and Acosta were found guilty as charged and as to Sam Ficarro a mistrial was entered. The defendants convicted have appealed.
 

 The first complaint is made to the overruling by the trial judge of appellants’ motions, original and supplemental, for a bill of particulars and prayer for oyer. -
 

 The motions, in substance, ask that the state be required to inform appellants under what section of the Revised Statutes it was prosecuting them; the time of day and the manner in which the alleged crime was committed ; and whether it would contend that appellants participated in the alleged crime as principals or as accessories.
 

 The state answered that it was proceeding under section 809 of the Revised Statutes, the general robbery statute; and that it would contend on the trial of the case that all the defendants participated in the robbery as principals. The state declined to furnish the other particulars called for in the motions.
 

 Wo do not think appellants’ complaint is well-founded. The state furnished them with all the particulars to which they were entitled. It informed them that it was prosecuting them as principals and it pointed out the law on which the prosecution was based. Had appellants’ request been granted by the trial judge, the state would have been
 
 forced,
 
 to disclose its entire evidence in advance of ^ the trial, which it was not required to do. And appellants were not entitled to be in
 
 *969
 
 formed as to the time of day the robbery occurred. State v. Fernandez, 157 La. 149, 102 So. 186; State v. Robertson, 158 La. 300, 103 So. 821.
 

 Appellants’ additional demand for oyer of all police reports and written statements of witnesses in possession of the state was properly denied by the trial judge.
 

 The reports and statements called for were not public documents, but were the private property of the state.
 

 The defendants did not disclose for what purpose they desired to use the documents, and it is manifest that in making their demand they were merely embarking upon a fishing expedition in the hope of discovering something in them that might prove useful to their defense.
 

 The courts uniformly decline to grant an application for production and inspection where it is merely for the purpose of a fishing examination. State v. Simon, 131 La. 520, 59 So. 975. And the defendant in a criminal prosecution has no right of inspection 'of a private document in possession of the state, which is not offered in evidence. State v. Bankston, 105 La. 1082, 116 So. 565.
 

 The second complaint is made to the overruling of defendants’ objection to the testimony of two of the state’s witnesses in rebuttal, on the grounds that it was not proper rebuttal testimony, and that the witnesses had violated the rule of separation under which all the witnesses had been put.
 

 The witnesses in question; after they had been examined in chief, were extensively cross-examined as to alleged bootlegging transactions with the defendants. When the defendant Lee was examined in chief, he testified to various bootlegging transactions among himself, his codefendant Acosta, and the witnesses.
 

 Appellants argue that the testimony was merely a repetition of a denial already made by the witnesses on their examination in chief; and that its main purpose was to impeach the testimony of the appellant Lee and to attack the general reputation of both appellants, when their general reputation had not been placed at issue.
 

 But, as shown by the statements per curiam, the appellants attempted, both on the cross-examination of the witnesses and on the direct examination of the defendant Lee, to show that all parties were bootleggers, and that the motive of the witnesses in “turning up” Lee and Acosta to the police was the féar that they would be killed—not because of their knowledge of the connection of Lee and Acosta with the robbery of the bank, but because of their “holding out” of whisky from Lee and Acosta. This was part of appellants’ defense. The cross-examination of the witnesses was as to their alleged bootlegging transactions with the defendant Acosta, which they denied. Their examination in rebuttal was as to their alleged bootlegging transactions with Lee, who had testified to that fact, as well as with Acosta, which they also denied. There was no attack in all this on the general reputation of the defendants except such attack as defendants initiated and directed themselves in proving that they were bootleggers.,
 

 The witnesses after having been examined by the state and cross-examined i>y the defendants were excused and remained in the courtroom. The trial judge held that the fact they were in the courtroom for a short time did not disqualify them from testifying in rebuttal. There is nothing in the record to show that the witnesses knew they were under the rule, and their violation of it was clearly unintentional.
 

 The question of the allowance of evidence in rebuttal is left largely to the discretion of
 
 *971
 
 the trial judge, and we see nothing in the rulings of which appellants complain that would justify us in disturbing them.
 

 The third complaint is made to the action of the trial judge in denying appellants’ motion for a new trial. The motion contains the usual allegation of the insufficiency of the evidence to sustain the convictions, which presents nothing for review; and also refers to the various issues raised by the bills of exception, which have been abandoned by the appellants or hereinabove disposed of by the court.
 

 The appellant Acosta, however, alleges newly discovered evidence as an additional ground entitling him to a retrial.
 

 The purpose of this evidence was to support an alibi as to which some evidence was offered by Acosta on the trial of the case.
 

 The trial judge declares, in his statement per curiam, that the evidence conclusively proved the guilt of the appellants beyond all reasonable doubt. He also states that the affidavits of the three alleged newly discovered witnesses did not impress him as being truthful, and he sets forth some of his reasons for reaching that conclusion.
 

 Applications for new trials on the ground of newly discovered evidence must be received with great caution, since the inducements to false swearing are very great. And this court will not interfere where the trial judge has satisfied himself that false swearing has been resorted to in order to obtain a new trial. State v. Johnson, 170 La. 1050, 129 So. 633, and authorities therein cited.
 

 We have read the affidavits attached to the motion and the statement of the trial judge attached to appellant’s bill of exception, and we cannot say that the trial judge has abused the discretion vested in him with respect to applications for retrial. •
 

 Eor the reasons assigned, the convictions and sentences appealed from are affirmed.