182 So. 576

## STATE v. LIVSEY et al.

### No. 34805.

May 30, 1938.

Rehearing Denied June 27, 1938.

Jack & Jack, of Shreveport, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and James U. Galloway, Dist. Atty., and John R. Pleasant, Asst. Dist. Atty., both of Shreveport, for the State.

HIGGINS, Justice.

Joe Gill, Al Robertson, Mrs. Al Robertson, Jessie Lee Robertson and Joe Livsey were jointly charged with and jointly tried for the crime of burglary and stealing mortgage notes valued at $20,000, $550 in cash and $150 worth of automobile accessories from the Rich Motor Company, Greenwood, Caddo Parish, Louisiana, on December 5, 1937. Mrs. Al Robertson and Jessie Lee Robertson were acquitted. Joe Gill, Al Robertson and Joe Livsey were convicted and each sentenced to serve eight years at hard labor in the State Penitentiary. Joe Livsey alone appealed.

Bills of exception Nos. 1 to 6, inclusive, were reserved to the trial judge's action in overruling appellant's motion for a severance. The other defendants filed similar motions and they were also overruled.

The appellant coupled with the motion for a severance a rule on the district attorney to show cause why he should not produce and file in court certain alleged statements and confessions of the four co-defendants, which were in his possession.

The district attorney denied the mover's allegation that the co-defendants had made confessions and statements in which they had accused the appellant of the crime or incriminated him, and filed an exception to the rule on the ground that the mover was without any legal right to force him to pro-

duce and file in court the alleged confessions or statements.

On the trial of the motion for a severance, the assistant district attorney was placed on the stand for the purpose of cross-examination. He admitted that the four other accused had made written statements, but denied that they had confessed the crime with which they were charged, or that they had accused or incriminated any one else. He also denied that the defenses indicated by the statements in his possession would in any way conflict or be antagonistic. He declined to file and produce the statements in evidence and the district judge refused to compel him to do so. Counsel for the appellant reserved a bill of exception to this ruling of the court.

The appellant did not allege in what respect the defenses of the co-defendants would be conflicting or antagonistic and failed to offer any testimony or evidence tending to show what his defense or the defenses of the respective defendants might be, or in what way they might conflict or be antagonistic.

The ruling of the trial court is correct. The State could not be compelled, prior to a trial, to file in court for inspection and examination by the accused or his counsel statements made by a co-defendant, which are being held as evidence to be used on a joint trial. They do not constitute public records until after they have been used in court. Sec. 5 of Act No. 242 of 1912, as amended by Act No. 255 of 1920, § 3; State v. Dallao, 187 La. 392, 175 So. 4; State v. Lee et al., 173 La. 966,

139 So. 302; State v. Bankston et al., 165 La. 1082, 116 So. 565 and State v. Simon, 131 La. 520, 59 So. 975.

The appellant having failed to make any showing that the defenses might conflict or were antagonistic was not entitled to a severance. Where several persons are jointly indicted for an offense, the question of the granting of a severance lies within the sound discretion of the trial judge and his ruling will not be interfered with unless exercised arbitrarily and to the prejudice of the accused. This is especially true when the severance is sought on the ground that the defenses are antagonistic due to confessions implicating the mover, but on the trial it appears that such confessions were not made and no conflict or antagonism appeared in the defenses. Article 316, Code of Criminal Procedure; State v. Hill, 160 La. 579, 107 So. 433; State v. Duplechain, 136 La. 389, 67 So. 175; State v. Adam, 105 La. 737, 30 So. 101; State v. Cately, 52 La.Ann. 574, 26 So. 1004, and State v. Ducote, 43 La.Ann. 185, 8 So. 439.

Bills of exception Nos. 7 and 8 were reserved to the trial court's action in admitting in evidence the written statement made by the accused, Jessie Lee Robertson, and the refusal of the district judge, upon the defendant's request, to delete therefrom the three lines which referred to the defendant, Joe Livsey.

The trial judge based his ruling upon Article 450 of the Code of Criminal Procedure and State v. Gonzales, 173 La. 947, 139 So. 15.

The pertinent part of Article 450 provides: "Every confession, admission or declaration sought to be used against any one must be used in its entirety * * *." The above case holds to the same effect. As the author of the statement was also on trial, it would have been error to have admitted only part of her statement. The statement only in its entirety was admissible as against her. The district judge instructed the jury to disregard that part of the statement which referred to the appellant, because it had no probative value as evidence and was inadmissible against the appellant. The admission of the statement in evidence with these instructions protected the appellant's rights under the law. State v. Taylor, 173 La. 1011, 1027, 139 So. 463; State v. Lamotte, 168 La. 837, 123 So. 591; State v. Murphy, 154 La. 190, 97 So. 397 and State v. Birbiglia, 149 La. 4, 88 So. 533.

Jessie Lee Robertson, who is a sister-in-law of Al Robertson, after protesting her innocence in her statement related that she joined him and his wife at the Camp on Caddo Lake in Caddo Parish. In response to questions propounded to her and recorded in her ex parte statement given outside the presence of the appellant, she gave the following answers:

* * * * * * * * * * * * *

"Who was there when you went up there? Joe Gill, Dad and Al."

* * * * * * * * * * * * *

"Who brought you all there? My sister in law.

"Who drove the car? My sister in law.

"Now, Jessie Lee, when did Mrs. Robinson your sister in law come back? I think it was Tuesday night, but I wouldn't be sure.

"Who did she come with? Joe Livsey."

The answers to the last two questions are the ones counsel for appellant ask the court to delete, because they place the appellant at Caddo Camp where a large part of the loot was recovered. None of the defendants testified in the case. It is pointed out by the learned trial judge that the State did not depend upon these answers to prove its case against the appellant, and the jury was admonished to entirely disregard them. He further points out in his per curiam that this statement in no way conflicted with the appellant's alibi evidence that he was in Texas on Saturday night and Sunday when the crime was alleged to have been committed. Under these circumstances, we agree with the trial judge that the appellant failed to show where his rights were prejudiced.

The contention that where a part of a co-defendant's statement referring to another accused being jointly tried with him can be deleted without impairing or destroying the effectiveness of the statement as evidence, the court should permit it to be omitted because no one can tell what effect these ex parte references might have upon the minds of the jurors for, being human, they are incapable of disregarding them, notwithstanding the court's specific instructions to do so, is faulty in that it ignores the well-established rule of law that requires the statement to be introduced in its entirety and also the rule of law that

the State can insist on a joint trial of the accused where the defenses do not conflict and are not antagonistic.

For the above reasons, the verdict and sentence appealed from are affirmed.

O'NIELL, C. J., does not take part.