MAURICE SAPIENZA *v.* ANTHONY R. PAUL, CHIEF OF POLICE OF THE COUNTY OF HAWAII, TERRITORY OF HAWAII, AND YOSHITO TANAKA, COUNTY ATTORNEY OF THE COUNTY OF HAWAII, TERRITORY OF HAWAII.

No. 3081.

Argued December 13, 1956.       Decided April 29, 1957.

Rice, C. J., Stainback and Marumoto, JJ.

OPINION OF THE COURT BY RICE, C. J.

This case has come to us by appeal from the circuit court, third circuit, Territory of Hawaii. Involved is a question of the sufficiency of the petition of the petitioner-appellee, hereinafter referred to as the appellee, to entitle him to a writ of mandamus and whether the writ which was issued by the circuit court upon said petition was properly so issued. However, the real issue is whether

records of the police department of the county of Hawaii, of which the chief of police is the head, and which records pertain to criminal offenses and persons convicted of such, are public records of a nature which opens them to inspection without the consent, or despite the refusal, of the chief of police.

We believe that our determination of the real issue, as stated, will suffice to dispose of the case and therefore we shall not herein discuss questions of pleading, or whether the appellee could and should have sought some remedy other than the extraordinary one of mandamus.

As the brief of the appellee herein has not as a premise set forth any statement of facts and does not controvert the statement contained in the opening brief of the appellants and we find the latters' substantially correct, we adopt the substance of the appellants' statement of the case.

Maurice Sapienza, appellee herein, filed a petition in the circuit court, praying for the issuance of an alternative writ of mandamus ordering and directing Anthony R. Paul, chief of police of the county of Hawaii, and Yoshito Tanaka, county attorney of said county of Hawaii, appellants herein, forthwith to make available for inspection by the said Maurice Sapienza the records of convictions of crime and/or the police records not only of one James Richard De Silva and one David Delos Santos, but of every other adult male and female residing in said county of Hawaii. The appelle is an attorney at law representing the said Richard De Silva and David Delos Santos, both of whom have been charged with the commission of offenses against the laws of the Territory of Hawaii, to wit, contributing to the delinquency of certain minors. In support of his prayer for relief, appellee alleged that in order to represent them properly, and to prevent a possible miscarriage of justice, he made a written request to appellant Anthony R. Paul, to make available to appellee the said

records for his inspection. Upon the advice of the county attorney, appellant Yoshito Tanaka, the chief of police, appellant Anthony R. Paul, denied the request.

Appellee also represented one Manuel F. Adrian in a civil action before the circuit court of the third circuit. Appellee alleged that in order to represent him properly and to prepare his case for trial on March 12, 1956, a written request was made to appellant Anthony R. Paul, the chief of police, for appellee to examine the police records of convictions of crime of five named adult witnesses whose testimony appellee alleged to be essential to the trial of said civil action. The request was denied by appellant Anthony R. Paul.

Appellee contended that the records of convictions of crime and/or the police records of every adult male and female residing in the county of Hawaii were in the legal custody of appellant Anthony R. Paul, as chief of police; that said records are public records open to the inspection of appellee upon request; and that, therefore, permitting appellee to examine said records was a ministerial act.

Pursuant to and upon the petition of appellee the said circuit court issued the alternative writ of mandamus.

The appellants filed a motion to quash the writ, which motion the circuit court denied.

Section 6651 of the Revised Laws of Hawaii 1945 (now sec. 149-10, R. L. H. 1955) provided in part as follows:

"All books and records of every office and department shall be open to the inspection of any citizen at any time during business hours. Certified copies or extracts from such books and records shall be given by the officer having the same in custody to any citizen demanding the same, and paying or tendering twenty cents a folio of one hundred words for such copies or extracts; but the records of the police department or of the public prosecutor shall not be subject to such

inspection unless permission is given by the chief of police or the public prosecutor, except in the case of traffic accidents * * *."

Said section 6651 was within chapter 127, Revised Laws of Hawaii 1945, (now chapter 149, R. L. H. 1955) relating particularly to the city and county of Honolulu. It is a contention of the appellants that, nevertheless, it is applicable as well to the counties other than the city and county of Honolulu * * * "for the reasons (1) that as it relates to its non-inspection provisions it is simply a codification of the common law which prevails in this jurisdiction and (2) that it would be an anomaly to maintain that non-inspection is the rule in the [city and] County of Honolulu and not in the other counties."

Contra, appellee has contended that said section 6651 applied only to the city and county of Honolulu, because: "In the city and county of Honolulu there are two legal officers, a city and county attorney * * * and a public prosecutor * * *. In the county of Hawaii there is only one legal officer, a county attorney."

In answer to that contention of the appellee, appellants have cited section 6266, Revised Laws of Hawaii 1945, (now sec. 146-67, R. L. H. 1955) which expressly provided that: "The county attorney is the public prosecutor for the county for which he shall have been elected * * *."

Appellee has further contended and stated that: "There is no statute in the laws of the Territory of Hawaii which prohibits or controls the inspection of the Hawaii county police records by a private citizen * * *" and under section 1, Revised Laws of Hawaii 1945, the "common law of England, as ascertained by English and American decisions" applies in the instant case.

Appellee has cited, as "the leading case," *State* v. *Dorsey,* 207 La. 928, 22 So. (2d) 273 (1945) and as having "reversed a long line of decisions with respect to the denial

of an inspection by an accused of a written statement or confession he had made and which was in the hands of the prosecution." However, appellee's quotation from said case commences with the paragraph that reads:

"At common law no right of inspection of documents before trial was conceded to the accused. In *King* v. *Holland,* 100 King's Bench 1248, 4 Term Reports 691, decided in England in 1792, the defendant was denied an opportunity of inspecting documentary evidence intended to be produced against him upon a public prosecution, this case being decided under the common-law rule set forth hereinabove."

In *State* v. *Dorsey, supra,* there was no issue of any claimed right of inspection of the records of a police department pertaining to criminal offenses and persons convicted of such, but at issue was the narrow question of the right of a defendant, or his counsel, in a criminal case, to before trial inspect and copy accused's written confession in the hands of the district attorney, who intended to use the confession at the trial. Contra to the representation of the appellee, the concluding portion of the opinion of the court in that case expressly declares:

"It is not our intention to overrule the prior jurisprudence of this State, and particularly the various cases cited by counsel for the State, in each of which defendant was denied pre-trial inspection of written confessions of codefendants, written statements of witnesses, or police reports in the hands of a sheriff, police department, or district attorney, and we do not overrule these cases."

Among the Louisiana cases decided prior to that of *State* v. *Dorsey* and which the court in that case expressly said that it did not intend to overrule were: *State* v. *Lee, et al.* (1932), 173 La. 966, 139 So. 302, wherein it was held that police reports and written statements of witnesses in

possession of the State were not public documents, but were the private property of the State and that the trial judge had properly denied the defendants' demand for same; *State* v. *Dallao, et al.* (1937), 187 La. 392, 175 So. 4, at 20, wherein one of the defendants complained of the ruling of the trial judge refusing him oyer and inspection of statements, reports, confessions, and documents alleged to be in the possession of the police department and in sustaining that ruling the Supreme Court of Louisiana said that so far as the documents called for were public in character, defendant was not entitled to their inspection until they had been used in open court and so far as they were of a private nature, defendant was not entitled to their inspection until they were offered in evidence; and *State* v. *Livsey, et al.* (1938), 190 La. 474, 182 So. 576, wherein the court held that the State "could not be compelled, prior to a trial, to file in court for inspection and examination by the accused or his counsel statements made by a codefendant, which are being held as evidence to be used on a joint trial" and that "they do not constitute public records until after they have been used in court."

Subsequent to *State* v. *Dorsey* was *State* v. *Mattio* (1947), 212 La. 284, 31 So. (2d) 801, wherein the Supreme Court of the State of Louisiana expressed considerable doubt that a police report is a public record as distinguished from a private record and found no error in the trial judge's ruling denying the defendant's demand for oyer of all police reports and written statements of witnesses in possession of the State and said, *inter alia:* "The Lee and the Dallao cases were in contemplation when we commented in *State* v. *Dorsey, [supra]* that: 'It is not our intention to overrule the prior jurisprudence of this State,' * * * *."

In *State* v. *Shourds* (1954), 224 La. 955, 71 So. (2d) 340, the court held that in a criminal prosecution of one

accused of unlawfully advertising himself as an architect, without being duly licensed as such, the trial court properly denied the accused's plea for oyer of originals or photostats of plans, drawings, specifications, contacts, photographs or written or oral statements or admissions made by accused and in possession of the State which it intended to offer in connection with the prosecution of the accused.

In *People* v. *Wilkins, et al.*, 287 P. (2d) 555, the District Court of Appeal, First District, Division 1, California, in 1955, said, *inter alia,* "Defendants have cited no case supporting their contention that the confidential records of the police department are open to the inspection of a defendant in what is undoubtedly a 'fishing expedition.' It should be pointed out also, that here the trial court requested defendants to state the materiality of the records in question. Defendants did not do so, claiming they had the right to see these records."

In *State* v. *Brantley,* decided June 17, 1954, and reported in 271 P. (2d) 668, the Supreme Court of Oregon, Department 1, quoted with approval two definitions, respectively:

"A public record, strictly speaking, is one made by a public officer in pursuance of a duty, *the immediate purpose of which is to disseminate information to the public, or to serve as a memorial of official transactions for public reference."* (Emphasis added.)

In this connection the court cited *State ex rel Romsa* v. *Grace,* 43 Wyo. 454, 5 P. (2d) 301, 303; and to the same effect *Robinson* v. *Fishback,* 175 Ind. 132, 93 N. E. 666, L. R. A. 1917B 1179, and *People* v. *Purcell,* 22 Cal. App. (2d) 126, 70 P. (2d) 706; and, as a second definition of a *public record,* cited and quoted from Black's Law Dictionary, 3d Edition, page 1506, as follows:

"A record, memorial of some act or transaction,

written evidence of something done, or document, considered *as either concerning or interesting to the public, affording notice or information to the public, or open to public inspection."* (Emphasis added.)

The appellee herein has referred to section 458, Revised Laws of Hawaii 1945, as amended, (now sec. 7-1, R. L. H. 1955) and has said that it "permits not only an inspection of a public record but allows *any person* to obtain a copy upon the tender of the prescribed fee, *except as otherwise provided by law."* (Emphasis added by appellee.)

Upon examination of said section 458, as amended, (sec. 7-1, R. L. H. 1955) it is found to commence as follows:

"Except as otherwise provided by law, a copy of any public document or record, including any map, plan, diagram, photograph, or photostat, *which is open to the inspection of the public,* * * *," (Emphasis added.)

A-38: Act 246, Session Laws of Hawaii 1947, (now chapter 33, R. L. H. 1955) provides, *inter alia,* for a bureau of crime statistics and empowers and directs the warden of the territorial prison and the chiefs of police of the several counties to employ, put into force and effect systems of identification of prisoners and persons suspected of crime, or criminal intent, and for the recording and compilation of crime statistics, as the attorney general shall from time to time prescribe under chapter 23.02 by said Act added to the Revised Laws of Hawaii 1945.

It requires that the warden of the territorial prison and the chiefs of police of the several counties furnish to each municipal subdivision, and to the Territory, copies or duplicates of the records taken by them or under their direction, of such matters and things "as are contemplated and included in sections 1541 to 1541.03, [now secs. 33-1 to 33-5, R. L. H. 1955] inclusive, of Revised Laws of Hawaii 1945," to wit: such records kept and reports made to the bureau, on forms prescribed, as may be required by

the chief of the bureau, with the approval of the attorney general.

It is a contention of the appellee that the provisions of said Act 246 (chapter 33, R. L. H. 1955) make the records of the police department of the county of Hawaii which are in the custody of the chief of police — and which appellee seeks to examine — public records and that because of the provisions of section 458, R. L. H. 1945, as amended, (sec. 7-1, R. L. H. 1955) such records are subject to examination accordingly and regardless of authorization by or permission of the chief of police. However, there is an implication in the language of said Act 246 (chapter 33, R. L. H. 1955) which is otherwise. We deem that said statutory provisions made public records only such duplicates or copies of the police records as "the chiefs of police of the several counties furnish to each municipal subdivision, and to the Territory," and, therefore, that only as to such can section 458, R. L. H. 1945, as amended, (sec. 7-1, R. L. H. 1955) apply and cause them to be open to public inspection, after transmittal to and when at the governmental offices to which furnished and which shall then have custody thereof.

There neither was nor is any statute of the Territory of Hawaii requiring that "the records of convictions of crime and/or the police records" of adult residents of the county of Hawaii be open to public inspection while such records are in the custody of the chief of police of the said county. The common-law rule is that they are not and to like effect is the implication in what was section 458, R. L. H. 1945, as amended, and is now section 7-1, R. L. H. 1955.

Therefore, whether said records would be opened to the inspection of the appellee or any of the public was a matter within the discretion of the appellant chief of police and not subject to control by mandamus.

Reversed.

*Benjamin Menor,* Deputy County Attorney of Hawaii County (*Yoshito Tanaka,* County Attorney, Hawaii County, with him on the briefs), for respondents-appellants.

*Maurice Sapienza* (also on the brief) for himself, petitioner-appellee.