(67 South. 175)

No. 20986.

STATE v. DUPLECHAIN et al.

(Jan. 11, 1915.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ☞1166—SEVERAL DEFENDANTS—SEVERANCE—PREJUDICE.

The overruling of motion for a severance by several defendants, on the ground that their codefendant had made a confession implicating them in the commission of the offense charged, worked no prejudice to the movers, when on the trial no such confession was offered in evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3100–3102, 3107–3113; Dec. Dig. ☞1166.]

2. CRIMINAL LAW ☞622—JOINT DEFENDANTS—SEVERANCE.

The mere fact that one defendant is seeking to escape by throwing the blame upon another is not sufficient to require a severance.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1380–1383, 1385, 1386, 1388–1390; Dec. Dig. ☞622.]

3. CRIMINAL LAW ☞508—WITNESSES—PERSONS ACCUSED OF CRIME—CODEFENDANT—DISQUALIFICATION.

A codefendant, though being jointly tried, is in no wise disqualified from testifying. Section 2, Act No. 185 of 1902, p. 355.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1099–1123; Dec. Dig. ☞508.]

Appeal from Fifteenth Judicial District Court, Parish of Allen; Alfred M. Barbe, Judge.

Pete Duplechain and two others were convicted of stealing a cow, and they appeal. Affirmed.

Williams & Williams, of Lake Charles, for appellants. R. G. Pleasant, Atty. Gen., and T. A. Edwards, Dist. Atty., of Lake Charles (G. A. Gondran, of New Orleans, of counsel), for the State.

LAND, J. [1] The four defendants were charged on information with the offense of stealing a certain cow. Three of the defendants were found guilty as charged, and the fourth was acquitted. Duplechain and Ryder have appealed.

It appears from the record that Duplechain, Davide, and Ryder moved for a severance from Paul Bellou, on the following grounds: That they had been credibly informed that their said codefendant had made a confession of guilt, which would implicate them in the commission of the offense charged in the information; and that their defense was that the said Bellou was the thief, if the cow had been stolen as charged.

It appears from the per curiam of the court that "no confession was offered"; that Bellou testified that he had bought the meat stolen from Duplechain and Ryder, when asked where he had gotten the stolen meat; that the jury was instructed to disregard the testimony in so far as Duplechain and Ryder were concerned; that Duplechain and Ryder said they had bought the meat from Bellou; and that the evidence convinced the court

they all had stolen the cow and sought to escape by blaming one another.

As no confession was offered, the appellants were not prejudiced by the overruling of their motion for a severance.

[2, 3] Bellou, though being "jointly tried," was in no wise disqualified from testifying. Section 2, Act No. 185 of 1902, p. 355. See State v. Johnson, 116 La. 865, 41 South. 119.

"The mere fact that one defendant is seeking to escape by throwing the blame upon the other is not sufficient to require a severance." Id.

Judgment affirmed.