(119 So. 263)

No. 29546.

**STATE v. WITTMERS.**

Nov. 26, 1928.

Ed. I. Mahoney, of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Eugene Stanley, Dist. Atty., and Chandler C. Luzenberg, Jr., Asst. Dist. Atty., both of New Orleans, for the State.

THOMPSON, J. The defendant, Charles Wittmers, 27, and one Hector Vicknair, 22, were jointly charged with robbery in the nighttime from the person of one Laird, the keeper of an oil station in this city.

They were jointly tried, and each convicted and sentenced to the penitentiary. Both applied for and obtained an appeal, but Vick-

nair withdrew and abandoned his appeal. Hence we are only concerned with the appeal of Wittmers.

■ There are two bills of exception only, one of which we shall consider, as the other presents no question of law, but only questions of fact which are not reviewable by this court.

■ Before entering upon the trial, the present appellant moved the court to grant him a severance on the ground that the several defenses of each would be supported by entirely different testimony. The motion was overruled, and we think properly so.

It is to be observed that the motion does not allege that the defenses to be set up by the two defendants were in conflict or that one had made any statement exculpating himself and incriminating the other. The sole ground of the motion was that the several defenses of the respective defendants would be supported by an entirely different line of evidence.

We take it that the defense of each was an alibi which would necessarily involve different, though not necessarily conflicting, evidence, if the two defendants were at different places at the time of the robbery.

■ It is contended that the proof introduced on the trial showed that the defenses were antagonistic, and we are asked to determine that fact by considering the evidence. If that were as a matter of fact true, it would not justify this court in granting a new trial, though the trial judge might have done so if he had found that the defenses as developed on the trial were antagonistic and that the appellant had been prejudiced by the denial of a separate trial.

■ The rule is that a motion for severance must be determined on the state of facts as set out in the motion or as otherwise shown at the time the motion is passed on.

In the case of State v. Birbiglia, 149 La. 4, 88 So. 533, the motion for a severance was made on the ground that the defendants had made confessions which were antagonistic, to which the district attorney replied that the confessions were not antagonistic but corroborative of each other. The motion was overruled, and the court held that the ruling was proper, although it developed subsequently that the defenses were antagonistic. On the original hearing the verdict was set aside on another ground.

On rehearing, however, the verdict was affirmed.

Mr. Justice O'Niell, as the organ of the court, on the question of severance, said:

"If the judge had known, when he was called upon to pass judgment upon the motion for a severance, that the defense of Birbiglia would be antagonistic to that of Zalenka and Burns, he would not have been justified in overruling the motion. There is no case more appropriate for the granting of a severance at the instance of one of two or more codefendants than a case where each defendant attempts to put the blame upon the other. But it does not appear that the judge had any reason to believe, when he was called upon to pass judgment upon the motion for a severance, that such a case would develop.

"Under these circumstances, the judge did not commit an error in overruling the motion for a severance."

The case quoted from is a much stronger case for the defendant than the one we have here.

In that case it subsequently appears that the defenses were so antagonistic as not only to justify but to require that the court grant a severance if the fact had been presented to the judge at the time he passed on the motion for a severance.

In the present case the motion did not allege that the defenses were antagonistic, but simply that they would be supported by different testimony.

Nor did it develop afterward that there was any conflict between the two accused.

The verdict and sentence are affirmed.