168 So. 113

STATE v. GOURY et al.

No. 33738.

April 27, 1936.

J. S. Pickett, of Many, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., A. B. Cavanaugh, Dist. Atty., of Leesville, and Lessley P. Gardiner, Asst. to Atty. Gen., for the State.

LAND, Justice.

The defendants, Jack Goury, Druell Goury, and Houston Williams, were jointly indicted in the lower court for cattle stealing in five cases, Nos. 3477 to 3481.

Defendants were tried in case No. 3480, in which they are charged with the theft of a cow in Sabine parish, the property of R. L. Price. All the defendants were found guilty as charged, and each was sentenced to serve a term of one year in the State Penitentiary.

Houston Williams is the only defendant who has appealed to this court from the conviction and sentence against him.

(1) The record contains only two bills of exception, formally reserved and signed by the trial judge, to wit: Bill No. 1, taken to the refusal by the trial judge to grant defendant a severance; and bill No. 2, taken to the overruling by the trial judge of a motion for a new trial.

The motion for severance is based on two grounds:

First. That defendant is not guilty, but that his codefendants are guilty, and defendant expects to testify to their guilt.

Second. That defendants have made statements and a purported confession in which they state that mover is guilty of the offense charged; and that defendants intend to testify and to produce evidence to show that mover is guilty, and that they are not guilty.

Defendant did not offer any proof in support of this motion.

It is well settled that "The mere fact that one defendant is seeking to escape by throwing the blame upon the other is not sufficient to require a severance." State v. Duplechain et al., 136 La. 389, 67 So. 175, 176; State v. Johnson et al., 116 La. 856, 41 So. 117.

The state did not offer any evidence of any confession on the part of any of the defendants, but did admit "statements." The nature of these statements, to whom made, and by whom testified to, is not disclosed by the record, and, for this reason, we are not in a position to determine whether or not such statements were prejudicial to the defendant.

In the per curiam to this bill, the trial judge states that: "The defendant, Houston Williams, took the stand and testified at his counsel's request that the two Gourys committed the theft of the cow, and that he took part in it because he thought the cow belonged to them; his co-defendants testified that they thought it

belonged to him, defendant Williams, and he requested them to assist him in butchering it, and disposing of the meat. The jury was instructed to disregard the testimony of each one only in so far as it concerned the one testifying. The evidence convinced the court that all had stolen the cow, and defendant Williams was trying to escape by placing the responsibility on the Gourys, and they were trying to escape by placing the blame on him, defendant Williams."

We find no error in the ruling of the trial judge denying the motion for severance.

(2) The motion for a new trial is based on the following grounds:

First. The error of the trial judge in overruling the motion for severance, which has already been discussed in this opinion.

 Second. That the district attorney made remarks in his final argument regarding purported cattle stealing in De Soto parish.

The district attorney commented on the defendant's defense that he had reported cow thefts happening in De Soto parish but had not reported this one happening in Sabine parish with which he was charged. No objection was made at the time to these remarks; nor was the court requested to take any action in the matter. Nor was any bill of exception reserved.

It is elementary that a bill of exception cannot be reserved, for the first time, in a motion for a new trial.

Third. That, since the trial, newly discovered evidence has been found.

In the per curiam to this bill, the trial judge states that: "The newly discovered evidence set forth in the motion for new trial could only be tendered for the purpose of impeaching the testimony of Druell Goury. This kind of evidence is not sufficient for the basis for granting a new trial. Code Cr.Proc. arts. 511, 512; State v. Heintz, 174 La. 219, 140 So. 28."

(3) The defendant, as soon as sentenced, took an appeal in this case, without having obtained any delay for the signing by the trial judge of certain so-called bills of exceptions, which appear as addenda in his brief. It is well settled that these bills cannot be considered by this court.

The conviction and sentence appealed from are affirmed.

O'NIELL, C. J., absent.