SUMMERS, Justice.
Defendant, Joseph Bickman, was jointly charged with Louis Prosper by bill of information with armed robbery in violation of Article 64 of the Criminal Code. After a joint trial by jury they were convicted of the lesser included offense of simple robbery. (La.R.S. 14:65). Both were sentenced to serve five years at hard labor in the penitentiary, with credit for time served. Only Bickman appealed. He relies upon two bills of exceptions.

Bill No. 1

Prior to trial defendant Prosper moved for a preliminary examination. At the hearing on the motion Bickman joined Prosper as proponent of the motion. The motion simply set forth that the accused was charged with armed robbery, was entitled to a preliminary examination under Article 292 of the Code of Criminal Procedure, and that after the examination mover should be discharged.
In support of the motion defense counsel argued at the hearing that the purpose of the motion was an “attempt to find out if there is probable cause and justification for the charge of armed robbery . the total ends of justice is to prove whether the charge is correct.” At the hearing the State’s attorney offered to fix the case for trial the following Monday. (The trial was in fact held -on the seventh day after the hearing on the motion.) The trial *237 judge denied the motion and this bill was reserved.
Article 292 of the Code of Criminal Procedure states that after the filing of an information an order for a preliminary examination in felony cases “may” be granted by the court. The matter, therefore, addresses itself to the judge’s discretion. We find no abuse of that discretion here. To the contrary, in view of the prospect of an early trial, the principal objects of the preliminary hearing had been served. The early trial would serve the same function a preliminary hearing would serve to protect against high-handed police procedures and third degree methods. The opportunity a preliminary hearing serves to bring defense counsel into the picture— implementing the constitutional privilege against self-incrimination, and the right to bail — had already been served by the appointment of counsel at least two weeks prior to the hearing, and by the fixing of bail prior to the hearing on the motion. See Preliminary Statement La.Code Crim. Proc. Title VII.
This bill lacks merit.

Bill No. 2

Bickman’s co-defendant Prosper moved for a severance, alleging that if he took the stand in his own defense he would be prejudiced if Bickman did not take the stand in his (Bickman’s) defense, for Prosper had no prior convictions, whereas Bickman did; and because of possible conflict in testimony.
At the hearing held on the motion it was ascertained that neither defendant had made any confession. The motion was denied.
Bickman cannot complain of a ruling on a motion for severance made by his co-defendant in which he did not join.
Defense counsel complains in brief that the trial judge summarily denied the motion without the “contradictory hearing” required by Article 704 of the Code of Criminal Procedure; and in so doing deprived defendant of the right to introduce evidence in support of his motion.
The pertinent part of Article 704 reads: “Jointly indicted defendants shall be tried jointly unless: . . . (2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance.” The transcript of the hearing makes it clear that defense counsel made no effort to introduce evidence.
The assistant district attorney was also present at the hearing. So far as can be ascertained from the record, no restraint was imposed by the judge on the presentation of the defense motion, nor was the State’s attorney limited in his presentation. Both were accorded every opportunity to present their respective positions in the matter. Only a brief oral argument by defense counsel was presented.
The trial judge recognized in his per curiam the holding in State v. Wittmers, 167 La. 379, 119 So. 263 (1928), to the effect that severance should be granted if the evidence each defendant would produce in his defense was “directly contradictory.” However, he stated: “If a bald allegation, unverified and unsupported by evidence, would suffice to entitle defendant to severance on the basis of ‘antagonistic defenses’, the contradictory hearing would be useless. Plainly, Article 704 contemplates a further showing than defendant made in this case . . . . ” We agree. The “contradictory hearing with the district attorney” was therefore accomplished.
This bill has no merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.