315 So.2d 769 (1975)
STATE of Louisiana
v.
Charles THIBODEAUX and Roger F. Sallettes, Jr.
No. 56108.
Supreme Court of Louisiana.
June 23, 1975.
Rehearing Denied July 25, 1975.
Stephen M. Little, Metairie, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Division, Gretna, for plaintiff-appellee.
*770 MARCUS, Justice.
Charles Thibodeaux and Roger F. Sallettes, Jr. were jointly charged by bill of information with knowingly and intentionally possessing, with intent to distribute, a controlled dangerous substance, to-wit: marijuana, in violation of La.R.S. 40:966(A)(1). Prior to trial, defendant Sallettes moved for severance on the ground that the defense contemplated by his co-defendant, Charles Thibodeaux, was antagonistic to his own defense. After a hearing, the motion was denied by the trial judge. Upon application of Sallettes, we granted a writ of certiorari to review the correctness of this ruling.
The single issue presented here is whether relator Sallettes is entitled to a severance of the joint charge against him and Thibodeaux. The only evidence adduced at the hearing held on the motion was the testimony of counsel for Thibodeaux, who testified that the gravamen of his intended defense of Thibodeaux would be to establish that the contraband forming the basis of the prosecution, which was found in an apartment shared by the defendants, was the sole property of Sallettes and that Thibodeaux had no knowledge of its existence.[1] This, defendant argues, constitutes an antagonistic defense by his co-defendant and entitled him to a severance of the joint charge for trial.
Article 704 of the Code of Criminal Procedure provides in pertinent part:
Jointly indicted[2] defendants shall be tried jointly unless:

. . . . . .
(2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance.

(Emphasis added.) Neither the present version of the statute nor its predecessor, article 316 of the 1928 Code of Criminal Procedure, sets any standards for the exercise of the authority vested in the trial judge to order separate trials of jointly charged defendants when, in his opinion, justice so requires. see La.Code Crim.P. art. 704, comment (c) (1966). As a result, the jurisprudence of this court developed an "antagonistic defenses" doctrine.
However, the jurisprudence is unclear as to whether an assertion of blame for the crime charged by one defendant against his co-defendant constitutes "antagonistic defenses" requiring a severance. Some cases have held that the mere fact that one defendant is seeking to escape by throwing the blame upon the other is not sufficient to require a severance.[3] On the other hand, this court, in an earlier decision, State v. Bessa, 115 La. 259, 38 So. 985 (1905), ordered reversal of a conviction of *771 two defendants on the denial, inter alia, by the trial judge of a motion for severance. The Bessa opinion states:
As the court understands the case, there is no serious, if any, denial that one or the other of the accused committed the crime, and the sole question is as to which one of them did it. Under these circumstances, the defenses are clearly antagonistic, and the motion for a severance should have been sustained.
Former Chief Justice O'Niell, in State v. Birbiglia, 149 La. 4, 88 So. 533 (1921), on rehearing, in discussing a motion for severance, aptly states:
If the judge had known, when he was called upon to pass judgment upon the motion for a severance, that the defense of Birbiglia would be antagonistic to that of Zalenka and Burns, he would not have been justified in overruling the motion. There is no case more appropriate for the granting of a severance at the instance of one or two or more codefendants than a case where each defendant attempts to put the blame upon the other.

(Emphasis added.) In State v. Wittmers, 167 La. 379, 119 So. 263 (1928), this court approved the denial of a motion for severance on the ground that several defenses of each defendant would be supported by entirely different evidence. The court noted that the motion did not allege that the defenses of the two defendants were in conflict.
In our opinion, the view expressed in Bessa, Birbiglia, and Wittmers is better reasoned and more consonant with the directive of the Code of Criminal Procedure, which mandates that a motion for severance be granted when "justice [so] requires. . . ."[4] This must be determined by the facts of each case. However, it is clear that defenses of co-defendants are mutually antagonistic where each defendant attempts to place the blame on the other. Under such circumstances, a defendant must defend not only against the state, but also against his co-defendant. In such an instance, justice would require a severance.
However, mere allegations that the co-defendant intends to point an accusatory finger at the defendant as his own defense is not enough. Article 704 requires the defendant seeking a severance to satisfy the trial judge by convincing evidence that justice requires a severance. While the granting or refusal of the motion for severance is within the sound discretion of the trial judge, his rulings are subject to our review for abuse.
Here, the uncontradicted testimony of Thibodeaux's defense counsel revealed that the gravamen of Thibodeaux's defense would be that the contraband seized in the apartment rented by the two defendants was in the exclusive possession of defendant Sallettes and that Thibodeaux had no knowledge of its existence. Thus, the thrust of Thibodeaux's defense is directly accusatory of Sallettes, requiring him, in effect, to stand trial before two accusers, the state and Thibodeaux. Under these circumstances, justice requires that the joint charge be severed to allow the separate trial of each defendant. Accordingly, the ruling of the trial judge denying defendant Sallettes' motion for a severance must be reversed.

*772 DECREE
For the reasons assigned, the ruling of the trial judge denying the motion for severance is reversed and set aside, and the case is remanded for further proceedings consistent with the views expressed herein.
NOTES
[1] The record reflects the following testimony by Thibodeaux's attorney:

Q. . . . At this time I wish you would tell the Court briefly the thrust or nature of your defense to show that it would, in fact, be incriminatory towards my client?
A. Well, the basic strategy that I plan on using in the trial of this case is that my client had no knowledge that the contraband was in his apartment. You know, that it was strickly (sic) stuff being used by the co-defendant, Roger Sallettes.
THE COURT:
Say that again? I didn't understand.
A. In other words, the strategy that I intend to use at the trial of the case will be that the contraband that was obtained was that . . . was the property belonging to the co-defendant, Roger Sallettes, and that my man had nothing to do with it or that he had any knowledge of it.
. . . . . .
Q. And, so, the trust of your defense would be, in fact, to place the guilt of this matter upon Roger Sallettes?
A. Yes.
[2] As used in the Code of Criminal Procedure, the term "indictment" includes a charge made by bill of information. La.Code Crim.P. art. 934(6) (1966).
[3] State v. Williams, 250 La. 64, 193 So.2d 787 (1967); State v. Goury, 184 La. 955, 168 So. 113 (1936); State v. Duplechain, 136 La. 389, 67 So. 175 (1915); State v. Johnson, 116 La. 856, 41 So. 117 (1906).
[4] La.Code Crim.P. art. 704 (1966). In the Official Revision Comment to article 704, the redactors note that the federal concept, which allows severance whenever a joint trial may result in "prejudice" to a defendant, is implicit in the phraseology chosen for the Louisiana article, i.e., that a severance must be granted when " . . . justice [so] requires . . . ." La.Code Crim.P. art. 704, comment (d) (1966). See Fed.R.Crim.P. 14. Under the federal concept, a similar (though somewhat more restrictive) doctrine relative to antagonistic defenses has developed. See, e.g., United States v. Samuels, 374 F.Supp. 684 (E.D.Pa.1974); United States v. Valdes, 262 F.Supp. 474 (D.P.R.1967).