GARRISON, Judge.
The defendant, Randy S. Lutz, was charged by bill of information with purse snatching in violation of LSA-R.S. 14:65.1.[1] After a jury found the defendant guilty as charged, he was sentenced to ten years at hard labor with credit for time served and ordered to pay $80.00 in court costs and $50.00 to the victim reparation fund or serve an additional thirty day sentence in default thereof. The State subsequently filed a multiple bill against the defendant pursuant to LSA-R.S. 15:529.1. After a hearing at which the defendant was adjudged to be a multiple offender, his original sentence was vacated and he was resen-tenced to fifteen years at hard labor with credit for time served and was ordered to pay $80.00 in court costs or serve an additional thirty day sentence in default thereof. Defendant now appeals his conviction and sentence.
On May 7, 1985 at approximately 9:30 p.m., Bridget McCarron and Ronald Fridell, two visitors to Louisiana from Illinois, were walking down Burgundy Street in the French Quarter. Suddenly, a man grabbed McCarron’s hair while another man pushed Fridell away. The man who pulled McCar-ron’s hair then grabbed her purse and both men fled. Fridell chased the men for several blocks while McCarron stayed behind and flagged down a nearby police car.
After the police radioed a description of the suspects to other police units, a nearby unit spotted two men fitting the description of the suspects running down Rampart Street toward Canal Street. The two men were stopped by police and McCarron was brought to this location where she positively identified Bobby Tidwell as the person who grabbed her and took her purse. She was unable to positively identify the defendant. Ron Fridell was also brought to the area where the suspects were apprehended and he was able to positively identify both the defendant and Tidwell as the perpetrators of this crime. McCarron’s purse was recovered at a nearby gas station on Rampart Street.
A review of the record for errors patent reveals that the trial judge erred in resentencing the defendant as a multiple offender after an order for appeal had been granted to the defendant. Because the order for appeal was granted on July 17, 1985, the trial court was without jurisdiction in resentencing the defendant as a multiple offender on September 4, 1985. LSA-C.Cr.P. art. 916; State ex rel Tuesno v. Maggio, 441 So.2d 1226 (La.1983); State v. Turner, 480 So.2d 404 (La.App. 4th Cir.1985). Therefore, the defendant’s enhanced sentence must be vacated and the original sentence must be reinstated.
In his first assignment of error, the defendant contends that the trial judge erred in denying his motion for a severance. On June 28, 1985, the defendant filed a motion asking that his trial be severed from that of his co-defendant, Bobby Tidwell, on the ground of antagonistic defenses. The trial court denied this motion on July 10, 1985 without conducting a contradictory hearing.
LSA-C.Cr.P. art. 704 provides:
Jointly indicted defendants shall be tried jointly unless:
*718 (1) The state elects to try them separately, or
(2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance.
In order to be granted a severance, it is incumbent upon the mover to clearly demonstrate that the defenses of the code-fendants are mutually antagonistic such that each defendant attempts to place the blame on the other. State v. Thibodeaux, 315 So.2d 769 (La.1975). A severance in such a situation is necessary because a defendant must defend not only against the state, but also against his co-defendant. State v. Thibodeaux, supra.
However, an important distinguishing aspect of this case is that the co-defendant, Bobby Tidwell, entered a guilty plea prior to the commencement of trial. This action effectively granted the defendant his requested severance. Because the defendant was tried alone, the trial judge’s denial of the motion for severance did not prejudice the defendant. Therefore, because any error on the part of the trial judge was harmless, this assignment of error is without merit.
In his second assignment of error, the defendant contends that the trial court erred in denying his motion for mistrial following his co-defendant’s change to a plea of guilty after the selection of the jury. Following the selection of the jury, a proceeding was held outside the presence of the jury at which the co-defendant, Bobby Tidwell, changed his plea from not guilty to guilty. At that time, the defense made a motion for mistrial which was denied by the trial judge. The trial judge then returned to the courtroom and gave the jury the following explanation:
“All right, ladies and gentlemen, in this matter the defendant Tidwell is severed out of this case and the defendant Lutz proceeds to trial at this time; therefore, you are only to consider the guilt or the innocence of the defendant Randy Lutz in this matter from this point herein.” (Tr. 54).
The defendant argued that he was prejudiced by this chain of events because it created a presumption that a crime had been committed and because Tidwell’s counsel had also participated in the voir dire of the jury and had exercised peremptory challenges to jurors who may have been desirable to the defendant.
LSA-C.Cr.P. art. 775 states in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by article 770 or 771.
A mistrial is a drastic remedy and should be declared only when there is unnecessary prejudice to the accused. State v. Smith, 430 So.2d 31 (La.1983). The fact that certain jurors eliminated by the co-defendant’s peremptory challenges may have been desirable to the defendant does not constitute sufficient prejudice to the defendant so as to warrant the granting of a mistrial. Furthermore, because the jurors were not told that the co-defendant changed his plea to guilty, the co-defendant’s absence and the judge’s explanation to the jury regarding that absence did not create a presumption that a crime had been committed. For these reasons, we cannot conclude that the trial judge abused his discretion in denying the defendant’s motion for mistrial.
By his final assignment of error, the defendant claims that he should have been granted a new trial for the same reasons argued in assignments of error one and two. C.Cr.P. art. 851 states in part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
Because the defendant has shown no injustice as discussed in assignments of error one and two above, the trial court correctly *719 denied the defendant’s motion for new trial.
For the reasons stated above, we affirm the defendant’s conviction, vacate his enhanced sentence and reinstate his original sentence of ten years at hard labor with credit for time served. The defendant is also ordered to pay $80.00 in court costs and $50.00 to the victim reparation fund or serve an additional thirty day sentence in default thereof. In the event that the defendant is resentenced as a multiple offender subsequent to this appeal, his right to appeal his enhanced sentence is reserved to him.
CONVICTION AFFIRMED; ENHANCED SENTENCE VACATED; ORIGINAL SENTENCE REINSTATED.

. LSA-R.S. 14:65.1 states as follows:
A. Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.
B. Whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years.