BYRNES, Judge.
On January 23,1986, defendant, Kenneth H. Hooks, Jr., was convicted of simple arson, a violation of R.S. 14:52 and sentenced to five years at hard labor. He was subsequently adjudged a multiple offender. Defendant received the same five year sentence as a multiple offender. Hooks now appeals his conviction and sentence. We affirm.
*598 FACTS
Around 10:00 p.m. on January 6, 1985, Steven Wartburg was preparing for bed when he heard a noise coming from his carport. Upon investigation, he saw the defendant throw a match into a boat parked under the carport. The boat burst into flames, and before Wartburg and his father could extinguish the fire, the boat and carport were substantially damaged. The police were summoned and Steven Wartburg directed them to the home of the defendant, whom he had recognized at the scene of the fire. Hooks was later arrested.
ASSIGNMENT OF ERROR NO. 1
By his first assignment of error, Hooks’ asserts that the trial court erred in denying what he alleges was a joint motion for mistrial. We disagree with Hook’s characterization of the motion. At trial, the defendant moved for sequestration of the witnesses. During the presentation of the State’s case, the defendant moved for a mistrial at a side bar conference, alleging that one of the State’s witnesses had discussed what occurred in the courtroom with another State witness waiting outside the courtroom. The trial court, after noting that one of the defense witnesses had also violated the sequestration rule by remaining in the courtroom for a portion of the trial, deferred ruling on the motion until after trial.
Later, during presentation of the defense’s case, the State objected to the testimony of the defense witness who had violated the sequestration order. The following exchange took place:
PROSECUTOR: Your Honor, excuse me, I’m going to object at this time and make the same motion that [the defense] made earlier at the side bar.
BY THE COURT: I’ll handle it later.
PROSECUTOR: Yes, your Honor.
DEFENSE: We acquiesce.
BY THE COURT: I will handle it later.
The defendant characterizes this colloquy as a joint motion for mistrial, while the State argues that it was only requesting that the witness be precluded from testifying.
After closing arguments, the trial court held an evidentiary hearing to determine the merits of defendant’s original motion for mistrial. At the conclusion of this hearing, the trial court denied the motion. The defense then reurged the motion for mistrial arguing that a mistrial was mandated because the defense had joined in the State’s motion for mistrial. The trial court also denied this second motion for mistrial. Denial of a motion for mistrial is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Smith, 433 So.2d 688 (La.1983). We see no abuse of discretion in this ruling.
Although C.Cr.P. Art. 775 states that “[a] mistrial shall be ordered, and in a jury case the jury dismissed, when the State and the defendant jointly move for a mistrial”, the record is inconclusive as to whether the State actually moved for mistrial. While the District Attorney did state that he wanted to “make the same motion” that the defense had made earlier in the trial at the side bar conference, the record suggests that he only intended to move for the exclusion of the defense witness’ testimony. To begin with the State did not pursue the motion for mistrial. Furthermore, the record contains several exchanges between the trial court, the prosecutor, and defense counsel which suggest that the prosecutor was confused as to which motion he was urging when he attempted to exclude the defense witness’ testimony. The trial judge clearly did not think the State had moved for a mistrial. Our review of the record does not convince us that this conclusion was inaccurate. If the trial judge did not think a joint motion for mistrial had been made, she was not required to grant it.
This assignment of error is without merit.
*599 ASSIGNMENT OF ERROR NO. 2
By his second assignment of error, Hooks argues pro se that the trial court erred in sentencing him as a multiple offender. He contends that under C.Cr.P. Art. 916 the court had been divested of jurisdiction since an order of appeal had allegedly been entered prior to the multiple bill proceedings. We disagree.
Under C.Cr.P. Art. 916 as amended by Act 851 on July 10, 1986:
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter except to: (8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.
Thus, with this recent amendment to C.Cr.P. Art. 916, the trial court retains jurisdiction over multiple offender proceedings after an order of appeal is issued. We note that in the present case the trial court issued the order of appeal at the conclusion of the sentencing hearing on January 29, 1986. While under the version of C.Cr.P. Art. 916 in effect at that time the trial court would have been divested of jurisdiction over subsequent multiple offender proceedings, the Louisiana Supreme Court has recently ruled that the amendment to C.Cr.P. Art. 916 can be applied retroactively to uphold the validity of habitual offender proceedings initiated after an order of appeal has been entered. State v. Abbott, 508 So.2d 80 (La.1987). We therefore, conclude that the trial court retained jurisdiction over the defendant’s multiple bill hearing. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
By his last pro se assignment of error, Hooks contends that the trial court erred in allowing into evidence, over defense objection, a mugshot which was allegedly used to identify him without a prior determination that the identification procedure was not tainted or suggestive. We disagree.
The record indicates that the mugshot of the defendant was shown to witness Steven Wartburg after he had positively identified the defendant in court. The mugshot was apparently shown to the witness to corroborate his testimony concerning the clothing Hooks was wearing the night the crime was committed. Because the photograph was not used in an identification procedure, we find no merit to this assignment of error.
ERRORS PATENT
A review of the record for errors patent reveals none.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.