Roderick **WILSON**

v.

**C.M. LENSING, Acting Warden.**

Civ. A. No. 89–3227.

United States District Court,
E.D. Louisiana.

Jan. 16, 1991.

---

Roderick Wilson, pro se.

Michael J. Reynolds, Orleans Parish Dist. Atty.'s Office, New Orleans, La., for respondent.

## ORDER AND REASONS

MENTZ, District Judge.

This matter was referred to a United States Magistrate for the purpose of conducting hearings, including evidentiary hearings, if necessary, and submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1) and (c), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon a review of the record, including the state court record submitted by the respondent, the Court has determined that it is sufficient for the purpose of adjudication of petitioner's claims, that a federal evidentiary hearing is not necessary, and that the petition should be dismissed for the following reasons.

Accordingly, the order of reference to the Magistrate is hereby revoked and it is ordered that the petition be denied.

Roderick Wilson, petitioner herein, is a state court prisoner currently incarcerated at the Washington Correctional Institute, Angie, Louisiana. On August 18, 1977, Wilson was convicted of two counts of armed robbery after trial, by jury, in the Criminal District Court for the Parish of Orleans, State of Louisiana. Petitioner was ultimately sentenced to thirty-five years imprisonment as to each of the two counts, the sentences to run concurrently.

Wilson's convictions and sentences were affirmed on direct appeal. *State v. Wilson*, 360 So.2d 166 (La.1978). Petitioner's most recent state applications for post-conviction relief, wherein he urged the same claims for relief presented in the above-captioned matter, were denied by the state trial court and the Louisiana Supreme Court. *State ex rel. Wilson v. Becker*, 541 So.2d 889 (La.1989). As conceded by the State, Wilson has exhausted available state court remedies and is properly before the Court. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

In the instant petition under 28 U.S.C. § 2254, Wilson alleges a deprivation of his due process rights in that he was adjudicated and sentenced as a multiple offender subsequent to the filing of an appeal with the state trial court. Petitioner further complains that he was not afforded a full, fair, and adequate hearing by the state courts on the claim for relief he now urges and that the state courts erroneously applied an amendment to LSA–C.Cr.P. Art. 916 to the facts of his case, in violation of the *Ex Post Facto* Clause.

The instant petition is not Wilson's first in this Court seeking habeas corpus relief. In May of 1981, he filed the proceeding entitled *Roderick G. Wilson v. Frank C.*

*Blackburn, Warden,* Civil Action No. 81–1868 "I"(5), asserting therein six separate claims for relief. On September 24, 1981, the Magistrate to whom the case was assigned issued a Report and Recommendation recommending that Wilson's petition be dismissed as meritless. On September 28, 1981, the District Court Judge adopted the Magistrate's Report as the Court's opinion and ordered that the petition be dismissed. Judgment was accordingly entered on September 30, 1981 and no appeal was taken.

In its response to the present petition, the State argues that it is successive within the meaning of Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts, and that it should be dismissed as such.[1] Based on a review of the state court record, because the Court is unable to definitively conclude that Wilson had actual knowledge of the claims he now urges at the time he filed Civil Action No. 81–1868, *Passman v. Blackburn,* 797 F.2d 1335, 1342–44 (5th Cir.1986), *cert. denied,* 480 U.S. 948, 107 S.Ct. 1609, 94 L.Ed.2d 794 (1987), and because the Court is of the opinion that the grounds presently advanced by Wilson do not entitle him to the relief he seeks, we shall pretermit ruling on the applicability of Rule 9(b) and proceed to the merits of petitioner's claims.

As noted earlier, Wilson was tried on two counts of armed robbery and convicted on August 18, 1977. During the course of his trial, Wilson admitted to having been previously convicted of possession of stolen property in 1976. Sentencing on the two counts of armed robbery went forward on September 8, 1977. At the start of that proceeding, the defense, anticipating the State's intention to seek enhancement of Wilson's sentences under LSA–R.S. 15:529.1 based on the 1976 conviction, moved "... for a speedy sentencing under

the habitual offender statute ..." (Tr. of 9–8–77, pg. 2). The judge denied that request as premature, noting that no multiple offender bill of information had been filed by the State as of that date. The trial judge thereupon sentenced Wilson on the armed robbery convictions to concurrent terms of thirty-five years at hard labor without benefit of parole, probation, or suspension of sentence. Following the lodging of an oral motion for appeal, counsel stipulated that if the State were to file a multiple offender bill of information based on the 1976 conviction, Wilson would plead guilty to it. The State filed the multiple offender bill of information on September 20, 1977; Wilson was arraigned and pled not guilty to the multiple offender charge on September 21, 1977. On the following day, September 22, 1977, the trial judge granted Wilson's written motion for appeal.

The hearing on the multiple offender charge was conducted on October 5, 1977. At the start of that hearing, defense counsel recalled the stipulation entered into on September 8, 1977, and then brought an oral motion to quash the multiple offender bill, arguing that the State had delayed bringing the bill to deprive Wilson of the benefit of the law governing the award of "good-time" credits as it existed prior to its amendment in 1977.[2] The trial court denied the motion to quash and, on the basis of the stipulation, found Wilson guilty of being a second offender under R.S. 15:529.-1, but only as to the first of the two counts of armed robbery. Accordingly, the trial judge vacated the thirty-five year sentence he had previously imposed with respect to the first count of armed robbery and imposed a sentence of like length under the multiple offender statute. The original thirty-five year sentence on the second count was allowed to stand and the court

**1.** Rule 9(b) of the Rules Governing Section 2254 Cases provides as follows:

Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of

the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

**2.** The timeliness of the filing of the multiple offender bill as well as the effect of the amendment to the "good-time" law were litigated in the context of Wilson's direct appeal, *Wilson,* 360 So.2d at 170–72, and in his prior federal habeas proceeding, Civil Action No. 81–1868.

again ordered that the sentences were to be served concurrently.

By Act 851 of 1986, the Louisiana Legislature amended Article 916 of the Louisiana Code of Criminal Procedure to add thereto a paragraph designated as number eight, as follows:

### Art. 916. Divesting of jurisdiction of trial court

The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter except to
. . .
(8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.

Prior to the 1986 amendment, Article 916 contained no specific provision preserving the trial court's jurisdiction over multiple offender proceedings subsequent to the entry of a written order of appeal. Despite the absence of such a savings clause, the trial court's post-appeal jurisdiction over multiple offender proceedings was not seriously challenged throughout the 1970's. In fact, just as was litigated in Wilson's direct criminal appeal, the trend at that time was to the contrary, to require prosecutors to initiate recidivist proceedings as expeditiously as possible following a conviction on the underlying offense irrespective of the filing of an appeal. *Wilson,* 360 So.2d at 172 (*citing State v. Bell,* 324 So.2d 451 (La.1975) and *State v. McQueen,* 308 So.2d 752 (La.1975)).

On May 28, 1980, the Louisiana Supreme Court rendered its *per curiam* decision in *State v. Sharper,* 383 So.2d 1248 (La.1980). Relying on the pre-amendment version of Article 916, the Supreme Court ruled that a trial court was without jurisdiction to enhance a defendant's sentence from twenty-one to forty-nine and one-half years following the "perfect[ing]" of an appeal to that

Court. Subsequent cases reached the same result. *State ex rel. Tuesno v. Maggio,* 441 So.2d 1226 (La.1983); *State v. Lutz,* 491 So.2d 716 (La.App. 4th Cir.1986); *State v. Thomas,* 479 So.2d 28, 29 (La.App. 4th Cir.1985).

Not long after the amendment to Article 916 in 1986, the question arose as to whether the article as amended should be applied retroactively to uphold the validity of multiple offender proceedings where an order of appeal had been entered prior to the sentencing of the defendant as a habitual offender. Pursuant to an appellate court's request, the Louisiana Supreme Court granted certification on that very question and answered it in the affirmative in *State v. Abbott,* 508 So.2d 80 (La.1987). Since that time, *Abbott* has been applied to validate multiple offender sentencings which occurred subsequent to the entry of an appeal but prior to the amendment to Article 916. *See State v. Williams,* 522 So.2d 1171, 1173 (La.App. 4th Cir.1988); *State v. Abraham,* 521 So.2d 511, 512 (La.App. 4th Cir.1988); *State v. Camp,* 517 So.2d 1202, 1204 (La.App. 4th Cir.1987); *State v. Hooks,* 514 So.2d 597, 599 (La.App. 4th Cir.1987).

■ The basis of petitioner's claim in the instant matter is that he was sentenced as a multiple offender at a time when the trial court was divested of jurisdiction under Article 916 by virtue of the filing of an order of appeal. Wilson additionally complains that the 1986 amendment to Article 916 was retroactively applied by the state courts to uphold his habitual offender sentencing in violation of the *Ex Post Facto* Clause.[3]

■ The prohibition on *ex post facto* laws serves dual purposes, to restrain legislatures and courts from arbitrary and vindictive action and to prevent prosecution and punishment without fair warning. *Miller v. Florida,* 482 U.S. 423, 429–30, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987).

---

**3.** The Constitutional prohibition against the enactment of *ex post facto* laws applies only to state legislatures. The appropriate inquiry in this case is whether the state courts' application of an allegedly *ex post facto* law to the facts of

petitioner's case violated his due process rights. The due process analysis of judicial action is interchangeable with the *ex post facto* analysis of analogous legislative action. *Rubino v. Lynaugh,* 845 F.2d 1266, 1271 (5th Cir.1988).

For a criminal law to fall within the *ex post facto* prohibition, "... two critical elements must be present: first, the law 'must be retrospective, that is, it must apply to events occurring before its enactment'; and second, 'it must disadvantage the offender affected by it.'" *Miller*, 482 U.S. at 430, 107 S.Ct. at 2451 (quoting *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)). However, "... no *ex post facto* violation occurs if the change in the law is merely procedural and does 'not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt.'" *Miller*, 482 U.S. at 433, 107 S.Ct. at 2452–53 (quoting *Hopt v. Utah*, 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884)).

■ Applying the above precepts to the precise facts of this case, the Court is unable to conclude that a violation of the *Ex Post Facto* Clause has occurred to the detriment of Wilson's due process rights. The amendment to Article 916 did not increase the punishment which could be imposed following a conviction for armed robbery nor that which a defendant may receive if subsequently adjudicated a second felony offender. Likewise, the amendment did not alter the State's burden of proof or the elements which it must establish to sustain a conviction for armed robbery or one under the multiple offender statute. The pre-amendment version of Article 916 merely suspended the trial court's ability to sentence a defendant as a multiple offender during the pendency of his direct criminal appeal. In Wilson's case, the written order of appeal was entered on September 22, 1977 and his convictions and sentences were affirmed by the Louisiana Supreme Court on June 16, 1978. The trial court was thus free to sentence Wilson as a multiple offender after the latter date. Wilson made no challenge to the timeliness of his sentencing under R.S. 15:529.1 until after Article 916 was amended and *Abbott* was decided. Moreover, subsequent to Wilson's original sentencing on the two counts of armed robbery, he himself moved for a speedy sentencing under the multiple offender statute. He may not now complain that his sentencing under R.S. 15:529.1 was conducted too hastily. In addition, it must be recalled that Wilson was convicted of two counts of armed robbery but was only multiple billed as to one of those counts, for which he received the identical sentence that was imposed on the underlying conviction. Petitioner therefore makes no showing of suffering any substantial "disadvantage" or prejudice as a result of being sentenced as a multiple offender on October 5, 1977 as opposed to a date subsequent to June 16, 1978. This claim must be rejected.

■ Petitioner's second claim is that he was not afforded a full, fair, and adequate hearing by the state courts on his first claim for relief and that the state courts erred in retroactively applying Article 916(8) to the facts of his case.

The Louisiana Supreme Court has determined that the 1986 amendment to Article 916 should be applied retroactively to uphold the validity of multiple offender proceedings where orders of appeal had been entered prior thereto. *State v. Abbott*, 508 So.2d 80 (La.1987). This considered conclusion of the coequal state judiciary should be given great weight. *Miller v. Fenton*, 474 U.S. 104, 112, 106 S.Ct. 445, 450, 88 L.Ed.2d 405 (1985). Because the Court is of the opinion that the amendment is procedural in nature and not an *ex post facto* law, the state courts' application of the amendment to the facts of Wilson's case is not violative of due process concerns. *See Collins v. Youngblood*, — U.S. —, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). Moreover, the state court proceedings of which petitioner complains are collateral in nature and not direct challenges to the validity of his conviction. The state courts' alleged error in the conduct of their habeas proceedings presents no constitutional violation. *See Byrne v. Butler*, 845 F.2d 501, 509–10 n. 8 (5th Cir.), *cert. denied*, 487 U.S. 1242, 108 S.Ct. 2918, 101 L.Ed.2d 949 (1988); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir.), *cert. denied*, 484 U.S. 838, 108 S.Ct. 122, 98 L.Ed.2d 81 (1987).

**158**

Having concluded that the grounds raised in the instant petition are without merit and that petitioner is not entitled to an evidentiary hearing, accordingly,

IT IS ORDERED that the petition of Roderick Wilson be and is hereby dismissed with prejudice.