657 So.2d 567 (1995)
STATE of Louisiana
v.
Prentiss TATE and Patricia Tate.
No. 95-K-0929.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1995.
Writ Denied September 1, 1995.
Harry F. Connick, Dist. Atty., Parish of Orleans Ralph Brandt, Greg Hangartner, Asst. Dist. Attys., Parish of Orleans, New Orleans, for relator.
Gary W. Bizal, Pierce & Bizal, New Orleans, for respondent, Patricia Tate.
*568 Laurie A. White, Law Offices of Laurie A. White, New Orleans, for respondent, Prentiss Tate.
Before BARRY, BYRNES and LANDRIEU, JJ.
BARRY, Judge.
The state seeks reversal of a pre-trial severance. We affirm.
Defendants were jointly charged with possession of over 400 grams of cocaine. Both defendants filed motions to sever based on antagonistic defenses and asserted that each intended to blame the other. Counsel for both defendants and the state were present at the hearing. There was no testimony. Defense counsel informed the court of their defenses and each stated that their clients would testify at a joint trial. The trial court granted the severance and the state seeks review.
The state asserts that the defendants did not prove entitlement to a severance and argues that there was no contradictory hearing as required by La.C.Cr.P. art. 704 because the defendants did not present testimony or evidence. That claim has no merit.
Jointly indicted defendants shall be tried jointly unless the state elects to sever the trials or
(2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance.
La.C.Cr.P. art. 704.
The Supreme Court has fashioned the "antagonistic defenses" test which mandates a severance when each defendant intends to blame the other and a joint trial would require the defendants to defend against both the state and each other. State v. Prudholm, 446 So.2d 729, 741 (La.1984); State v. Fleming, 574 So.2d 486, 492 (La.App. 4th Cir.1991), writ den. 592 So.2d 1313 (La. 1992). See La.C.Cr.P. art. 704, comment (c). Whether to grant or deny a severance is within the trial court's sound discretion, and the ruling should not be disturbed absent clear abuse of that discretion. State v. Prudholm, 446 So.2d at 741. Moreover, the standard for a pre-trial severance is broader because of speculation as to what the evidence will be, whereas the standard for severance after trial commences is stricter because the judge can examine the evidence. State v. Fleming, 574 So.2d at 492.
Several cases have held that a co-defendant must show that a joint trial would be prejudicial. State v. Williams, 416 So.2d 914, 916 (La.1982); State v. Fleming, 574 So.2d at 492; State v. Deboue, 496 So.2d 394, 405 (La.App. 4th Cir.1986), writ den. 501 So.2d 229 (La.1987). That standard is embraced in the "justice" standard of Article 704(2). La.C.Cr.P. art. 704, comment (d). As stated above, justice requires a severance when each co-defendant attempts to blame the other and is forced to defend against the state and his co-defendant.
An unsupported allegation that the defenses are "antagonistic" is insufficient to prove that a severance is required. State v. Prudholm, 446 So.2d at 741. A co-defendant must show how the defenses are antagonistic. See State v. Gaskin, 412 So.2d 1007 (La.1982); State v. Hunter, 340 So.2d 226 (La.1976). The Supreme Court has held that the standard is "convincing evidence" that a severance is required. State v. Bradford, 367 So.2d 745 (La.1978); State v. Jenkins, 340 So.2d 157 (La.1976). In Bradford, counsel merely asserted that his client would attempt to blame the co-defendant, but did not elaborate on the defense strategy or commit his client to testify. In Jenkins, the defendants made broad and unsupported allegations of antagonism. The court held that was insufficient.
This case is distinguishable because counsel adequately informed the trial court that each defendant intended to testify and blame the other. Unlike Gaskin, Bradford, and Jenkins, counsel in this case committed the defendants to taking the stand in a joint trial and specifically showed the defenses would be antagonistic.
The state argues that testimony is required at a hearing and cites supporting cases. Defense counsel testified concerning trial strategy in State v. Thibodeaux, 315 So.2d 769 (La.1975). In this case counsel did *569 not formally testify, but the motions and argument of counsel demonstrate that justice requires a severance. The trial judge accepted the statements of counsel as to antagonistic defenses, and their sworn statements would not alter their strategy. State v. Webb, 424 So.2d 233 (La.1982), supports the trial court's reliance on the statements from counsel. The Supreme Court in Webb considered not only the defendant's testimony at the severance hearing, but also allegations in the defendant's written motion for a severance.
Under the broad standard applicable to a pre-trial severance, the defendants met their burden of proof. The trial court did not abuse its discretion. Compare State v. Hodge, 457 So.2d 152 (La.App.2d Cir.), writ den. 459 So.2d 545 (La.1984).