| STATE OF LOUISIANA | * | NO. 2024-K-0159 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| JORDAN MITCHELL | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

SCJ

**JENKINS, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent. I would deny the writ. After a review of the trial judge's well-reasoned per curiam, I find the trial court did not abuse its discretion granting defendant Mitchell's motion to sever. The trial court noted in it's per curiam that Mitchell made a statement while in police custody that he and Johnson struggled with the gun which discharged and struck the victims. However, Bolden made a statement to the police that Mitchell drove him and Johnson to New Orleans, where Mitchell pulled a gun on the victims. According to Bolden, Mitchell demanded sex from the victims, shot both the victims, removed them from the car and drove off. Johnson did not give a statement. The statements made by Bolden and Mitchell are clearly antagonistic. Mitchell suggests that the shooting was accidental. The trial court stated in it's per curiam that "[a]s presented, it seems that Mr. Bolden places blame entirely on Mitchell, contending that he was a bystander."

The Supreme Court noted in *State v. Craddock*, 2023-01147, p.1 (La. 11/15/23), 373 So.3d 47, that La. C.Cr.P. article 704 "does not provide precise standards to guide a trial court in exercising its discretion in ruling on a motion for severance." As a result, the Supreme Court crafted the "antagonistic defense" standard as a means of testing the trial court's exercise of its discretion in ruling on

a motion to sever. *See State v. Lavigne*, 412 So.2d 993, 996-97 (La. 1982); *State v. Thibodeaux*, 315 So.2d 769, 770 (La. 1975). The "antagonistic defense" test provides that a trial court abuses its discretion when it does not grant a motion to sever when the trial court has been made aware that a defendant intends to blame a co-defendant for the offense for which they have both been charged. *State v. Webb*, 424 So. 2d 233, 236 (La. 1982); *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.E.2d 476 (1968).

In *Craddock*, evidence was presented that Craddock's co-defendant, Cody Matthews, was going to blame the defendant as the perpetrator of the crime. The Supreme Court found that the trial court abused its discretion in denying the motion to sever, stating that "[u]nder these circumstances, a joint trial would violate Defendant's right to confront and cross examine the witness against him in violation of Article 1, § 16, of the Louisiana Constitution, and the Sixth Amendment of the United States Constitution; thus, justice requires a severance." *Craddock*, 2023-01147, p. 2, 373 So.3d 57.

The majority opinion attempts to distinguish *Craddock* on the basis that the State in *Craddock* intended to admit a jailhouse recording from Matthews directly implicating Craddock as the shooter. The State has indicated that it does not intend to introduce Bolden's statement at trial. However, such a distinction does not allow for the denial of the motion to sever in the present case. A joint trial in the present matter would violate Mitchell's right to confront and cross-examine the witnesses against him in violation of the Article 1, Sec. 16 of the Louisiana Constitution and the Sixth Amendment of the U.S. Constitution. *Id.*

For the reasons assigned, I find the trial court did not abuse its discretion in granting defendant Mitchell's motion to sever. Relator's writ application should be denied.