STATE OF LOUISIANA      *      NO. 2024-K-0159

VERSUS      *

     COURT OF APPEAL

JORDAN MITCHELL      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

ON SUPERVISORY WRIT FROM THE
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 555-643, SECTION "SECTION E"
Judge Rhonda Goode-Douglas,
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

**LOBRANO, J., CONCURS WITH REASONS**
**JENKINS, J., DISSENTS AND ASSIGNS REASONS**

Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
Chief of Appeals
District Attorney's Office
Parish of Orleans
619 South White Street
New Orleans, LA 70119

         COUNSEL FOR RELATOR, THE STATE OF LOUISIANA

Aaron Zagory
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue, 7th Floor
New Orleans, LA 70119

         COUNSEL FOR RESPONDENT, JORDAN MITCHELL

**WRIT GRANTED; JUDGMENT REVERSED AND REMANDED**
**MARCH 22, 2024**

**KKH**

Relator, the State of Louisiana (the "State"), seeks expedited supervisory review of the trial court's March 12, 2024 ruling, which granted the motion to sever defendants filed by Defendant, Jordan Mitchell ("Mitchell"). For the following reasons, we grant the writ application, reverse the trial court's ruling, and remand the matter for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**

On September 29, 2022, Mitchell and his co-defendants, Zakyis Bolden and Dylan Johnson, were each indicted with two counts of attempted first-degree murder; one count of first-degree rape; two counts of second-degree kidnapping; and one count of armed robbery.

On February 7, 2024, Mitchell moved to sever the trials on the grounds that he and his co-defendants have antagonistic defenses. On February 8, 2024, the State filed its objection to Mitchell's motion to sever, claiming the defense failed to show convincing evidence of actual antagonism. On February 26, 2024, Mitchell filed a supplemental motion, claiming that counsel for co-defendant Bolden advised that his client's defense will be to lay the blame of the charged crimes on Mitchell.

The matter came for hearing before the trial court on March 11, 2024. After oral arguments, the trial court reserved ruling until March 12, 2024, in order to review all case law and Bolden's statements.

On March 12, 2024, the trial court granted the motion for severance.[1] Thereafter, the State noticed its intent to take supervisory writs. This timely writ application followed.

**APPLICABLE LAW AND ANALYSIS**

La. C.Cr.P. art. 704 provides the following regarding severance:

Jointly indicted defendants shall be tried jointly unless:

(1) The state elects to try them separately; or

(2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance.

Further, the Louisiana Supreme Court in *State v. Craddock*, 2023-01147, pp. 1-2 (La. 11/15/23), 373 So. 3d 47, 47–48, recently outlined the law on a motion to sever, as follows:

As a general matter, jointly charged defendants shall be tried jointly unless the state elects to sever or the court determines, after a contradictory hearing, that justice requires severance. La. C.Cr.P. art. 704. Article 704 does not provide precise standards to guide a trial court in exercising its discretion in ruling on a motion for severance. Consequently, this Court has jurisprudentially developed the "antagonistic defense" standard as a means of testing the trial court's exercise of its discretion. *State v. Lavigne*, 412 So.2d 993, 996-97 (La. 1982); *State v. Thibodeaux*, 315 So.2d 769, 770 (La. 1975). *See also*

---

[1] The trial court stated, in part:

[T]his court does not see how the state can try this case, wherein their -- the antagonistic defenses lie. And so at this point the Court is going to grant Mr. Zagory's [counsel for Defendant] motion for severance as to Mr. Mitchell. I have not heard of any sort of statement on behalf of Mr. Johnson. But I do not think that Mr. -- the Court does not think that Mr. Mitchell and Mr. Bolden can be tried together. So I am going to sever Mr. Mitchell out from Mr. Bolden and Mr. Johnson.

2

*State v. McGraw*, 366 So.2d 1278 (La. 1978) (discussing the history and development of the "antagonistic defense" concept in Louisiana). Under the "antagonistic defense" test, it is an abuse of discretion not to grant a motion for severance when the trial judge has been made aware that a defendant intends to lay blame for the offense at the feet of a co-defendant. *State v. Webb*, 424 So.2d 233, 236 (La. 1982) (citations omitted); *Bruton v. United State*s, 391 U.S. 123, 88 S.Ct. 1620, 20 L.E.2d 476 (1968), 391 U.S. at 136, 88 S.Ct. at 1628 (the extrajudicial statement of a non-testifying co-defendant, which implicates the defendant and is admitted at a joint trial, violates the defendant's constitutional right of cross-examination.).

On a motion to sever, the defendant bears the burden of proof to establish that justice requires a severance. *State v. Collins*, 2010-0757, pp. 23 (La. App. 4 Cir. 5/11/11), 65 So.3d 271, 287 (citing *State v. Prudholm*, 446 So.2d 729, 741 (La. 1984)); *see also State v. Williams*, 416 So.2d 914, 915 (La. 1982). "Furthermore, the fact that each defendant has pointed a finger at the other does not make defenses automatically antagonistic. Prejudice must be shown if defendants are to receive separate trials." *Collins*, 2010-0757, pp. 23, 65 So.3d at 287 (citing *Williams,* 416 So.2d at 916).

"Mere allegations by co-defendants that defenses will be antagonistic do not require the trial judge to sever." *State v. Jenkins*, 340 So.2d 157, 166 (La. 1976). "Co-defendants seeking severance must present convincing evidence to the trial judge of actual antagonism." *Id*. (citing *Thibodeaux*, 315 So.2d at 771; *State v. Medlock,* 297 So.2d 190 (La. 1974)); *see also State v. Singleton*, 352 So.2d 191, 192 (La. 1977).

Both Mitchell and co-defendant Bolden each made statements incriminating the other.[2] However, the State indicated it has no intention of using these statements at trial and instead will rely on the testimony of the two victims. Additionally, neither Mitchell nor co-defendant Bolden, specifically provided what

---

[2] Co-defendant Johnson made no statement to the detectives.

3

evidence they plan on presenting at trial which would tend to incriminate each other.

In *Craddock,* the Louisiana Supreme Court reviewed a trial court's ruling denying a defendant's motion for severance based on the allegation that he and his co-defendant have antagonistic defenses. The Court stated, in part:

> [T]he trial court was presented with uncontroverted evidence that co-defendant, Cody Matthews, was going to blame the Defendant as the culpable perpetrator of the murder. In particular, the State intends to admit a jailhouse recording of Matthews that directly implicates the Defendant as the shooter in the murder.

*Craddock*, 2023-01147, p. 2, 373 So.3d at 48. Under those circumstances, the Louisiana Supreme Court determined that severance was warranted.

Conversely, in the present case, the State submits that it will not introduce Mitchell or Bolden's statement into evidence. In addition, Mitchell has raised only broad and unsupported allegations of antagonism. Therefore, because Mitchell has not put forth evidence of actual antagonism, we find that the trial court abused its discretion in granting the motion to sever. Accordingly, we grant the writ application and reverse the trial court's March 12, 2024 ruling. The matter is remanded to the trial court for further proceedings.

**WRIT GRANTED; JUDGMENT REVERSED AND REMANDED**

4